(No. 35687.—<span style="background:black">      </span>

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEROY JACKSON, Plaintiff in Error.

*Opinion filed November 30, 1961.*

THOMAS M. HILLS, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER, and DEAN H. BILTON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

At a jury trial conducted in the criminal court of Cook County, the defendant, LeRoy Jackson, was convicted of murdering one Louise Jackson, and was sentenced to the penitentiary for a term of 199 years. Upon writ of error to review that judgment he contends the trial court erred in admitting certain evidence, and in instructing the jury.

Since the facts are fully set forth in *People* v. *Jackson,* 9 Ill.2d 484, it is necessary at this time to repeat only the essential circumstances involved in the charge against defendant. At about 4:00 A.M. on the morning of April 9, 1954, Louise Jackson, who was not related to defendant, was fatally stabbed in her bedrom at 3547 Cottage Grove Avenue, Chicago. The weapon used was a paring knife which had been stolen in the burglary of a nearby home approximately an hour earlier. Defendant was arrested on May 24, 1954, and, the following day, signed a 23-page confession stating in detail how he had acquired the knife in the earlier burglary and then killed Louise Jackson when she resisted his attempt to rob her. A gun found in his possession was likewise identified as one stolen at the same time the knife was taken. At a preliminary hearing on June 2, 1954, without being represented by counsel or advised of his constitutional privilege against self-incrimination, defendant, in answer to questions propounded both by the court and an assistant State's Attorney, admitted under oath that he had stabbed the victim during the course of a robbery.

When the cause was tried a transcript of the proceedings at the preliminary hearing was admitted into evidence against defendant, and it is his initial contention that this was reversible error in that his constitutional right against self-incrimination was violated. Specifically, the record discloses that defendant was called and sworn at the preliminary hearing at the request of an assistant State's Attorney, after which the following interrogation occurred:

"Q. LeRoy, you know my name is Irving Lang.

A. Yes.

Q. And you know you are in the courtroom of Judge Schiller, is that correct, at this time? And this is the Judge before you, is that correct?

A. Yes.

Q. LeRoy, at this time, I want to ask you, did you stab Louise Jackson on April 9, 1954?

A. I did.

Q. That is the girl, lady, on 3800, 3857 Cottage, is that correct, approximately?

A. Yes.

Q. This, you tell us now of your own free will in front of this Judge, is that correct?

A. Yes.

THE COURT: Why did you do this?

Q. Why did you stab Louise Jackson?

A. She was resisting robbery.

THE COURT: She was resisting robbery?

A. Yes.

Q. Where was this robbery; on the street or in the house?

A. In her home.

Q. It was a burglary?

A. You might call it that.

Q. How did you get in?

A. Through a window."

At the outset it should be noted that we are here concerned, not with an extrajudicial confession, but with an admission of guilt elicited in the course of a judicial proceeding. When the former is involved it has been held that the constitutional provision concerning self-incrimination does not apply and that the fact that an accused was not warned the confession might be used against him does not render the confession inadmissible, (*People* v. *Fox,* 319 Ill. 606, 611; *People* v. *Kelly,* 404 Ill. 281, 286,) but it does not

necessarily follow that the same precepts apply where a confession is made in the course of a judicial proceeding. By reason of their very nature, such proceedings are cloaked with the solemnity and authority inherent in courts, and there exists the highest duty to see that an accused is fairly and properly treated and his rights observed.

Although we do not find that the precise question concerning the admissibility of a judicial confession made at a preliminary hearing has ever been presented to this court before, the cases clearly differentiate between judicial and extrajudicial confessions. In *People* v. *Cochran,* 313 Ill. 508, we held that statements made by the accused before a grand jury were inadmissible upon trial even though he had been informed prior to his appearance before the grand jury that he was not required to testify and that his testimony might be used for any purpose. In *Lyons* v. *People,* 137 Ill. 602, 616, certain admissions made by defendant before a coroner's jury were used against him upon trial. While the court was of the opinion that his rights had not been violated in that particular instance, the following observation was made: "It has been held that, if a party testifying before a coroner or committing magistrate, is actually under arrest, though it may be without a warrant, his testimony is inadmissible. But this rule applies where the accused party is put on his oath and sworn and examined, not on his motion, but on the motion of the prosecution. Statements made under such circumstances may not only be unreliable, but inquisitorial in their character. Where a man arrested by an officer without a warrant upon suspicion of having committed murder is compelled to answer under oath as a witness at a coroner's inquest, statements which he thus makes are not admissible against him on his trial for the murder."

Similarly in *Gardner* v. *People,* 106 Ill. 76, 83, the reliance upon evidence obtained by interrogating the accused at time of arraignment was condemned in the following

terms: "The calling on one to plead to an indictment can not be made the occasion for extracting from him criminating evidence against himself. * * * Under no circumstances ought the court, in such case, to proceed to examine the accused, as seems to have been done here, with a view of determining whether the killing was murder or some other offense. This was, in effect, trying the prisoner by the court, which, of course, is wholly incompatible with the safeguards which the law has thrown around one charged with a capital offense."

To uphold the admissibility of the judicial admission of guilt in this instance, the People rely upon *People* v. *Farrell,* 349 Ill. 129; *Wilson* v. *United States,* 162 U.S. 613, 40 L. ed. 1090, and *Powers* v. *United States,* 223 U.S. 303, 56 L. ed. 448. But none of these decisions have application on their facts. In *Farrell* a judicial confession was not involved, but admissions made at an inquiry conducted by a fire marshal. In both *Farrell* and *Powers,* it appears that the accused persons were voluntarily sworn and gave the testimony in their own behalf at the preliminary proceedings which, according to the court in *Powers,* made them competent witnesses at their own request. (223 U.S. at 313, 56 L.ed. at 452.) Here, by way of contrast, defendant was called and sworn at the behest of the prosecutor who then proceeded to elicit the incriminating admissions from him. The *Wilson* case is even farther removed. There the statement made by the accused at the preliminary hearing was not under oath, was exculpatory rather than an admission of guilt, and was used at the trial only for impeachment purposes.

More appropriate here is *Wood* v. *United States,* 128 F.2d 265, 278, where pleas of guilty allegedly made by defendants at a preliminary hearing before a magistrate were admitted in evidence at their subsequent trial. The court pointed out that the privilege of self-incrimination would be of little value if the magistrate could force the accused

on the preliminary examination to admit his own guilt so as to be admissible against him upon trial, and that aid of counsel during trial would be farcical if the question of guilt could be foreclosed by preliminary inquisition. In reversing the conviction, the Court of Appeals held that "when, as here, the accused is without counsel and it does not appear clearly that he knows his rights and intends to waive them, the 'plea' or its substantial equivalent, made without warning or advice, cannot be received in evidence against him. Any other rule would make of the hearing a trap and an inquisition, with consequences for the accused and for the judicial system not tolerable under the Constitution." In *State* v. *Farrell,* 223 N.C. 804, 28 S.E.2d 560, the Supreme Court of North Carolina reached a similar conclusion.

We think that the views expressed in the *Wood* case are the only ones compatible with the constitutional protection intended, and hold that where an accused is unattended by counsel and does not become a witness of his own volition, a judicial confession made at a preliminary hearing may not be properly introduced into evidence at the subsequent trial, unless the proof affirmatively shows (1) that the accused had independent knowledge or was advised by the court of his right to refuse to testify; (2) that he was advised or knew that any statements made could be used against him, and (3) that he knowingly and intelligently waived his constitutional privilege against self-incrimination. In such a manner, preliminary hearings at which judicial confessions are made, as well as the confessions themselves, will not be suspect of unfairness or judicial pressure, and both the letter and the spirit of the constitutional guaranty will be observed.

The People insist in this case that defendant did in fact waive his privilege against self-incrimination when he replied in the affirmative to the question: "This, you tell us now of your own free will and in front of this Judge, is that correct?" We cannot agree with this reasoning. One cannot waive a right he does not know exists, and there is

nothing in this record from which it can be said that defendant knew or should have known of his right to refuse to testify against himself. Indeed, it is admitted he was not at any time advised of this right before he testified under oath, thus leaving little room for the argument that he deliberately and intelligently waived such right.

Under all of the circumstances, we conclude that the judicial confession worked a denial of defendant's constitutional right and that the trial court erred in admitting it into evidence. There arises, however, the question of whether, in light of other evidence of guilt, the error was so prejudicial as to require a reversal of the conviction. Cf. *People* v. *Pelkola,* 19 Ill.2d 156.

At the trial of the cause the twenty-three page extrajudicial confession was admitted into evidence, and there was likewise conflicting testimony on the question of whether police brutality attended the giving of the confession. On the state of the record, therefore, the most critical function the jury had to perform was to determine the truth or falsity of the confession and its weight as evidence, after considering all of the circumstances under which it was given. (*People* v. *Guido,* 321 Ill. 397.) Additionally, it is not to be overlooked that this case involved a crime for which the jury fixed the penalty. Although it is impossible to know what effect, if any, the admission of the judicial confession had on the minds of the jury, the very fact that it was a judicial confession, obtained during a court proceeding clothed with a presumption of dignity, fairness and truth, makes it reasonable to assume that it played a major part in the acceptance of the extrajudicial confession, in the ultimate determination of guilt, and in the punishment selected. No matter how guilty, defendant was entitled to have the jury make its determinations free from improper influences, and it is our belief that full and complete justice can be accomplished only by granting a new trial.

Since they are unlikely to recur at a new trial, it is un-

necessary for us to consider the other errors assigned. The judgment of the criminal court of Cook County is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*