(No. 39157.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES MUSIL, Plaintiff in Error.

*Opinion filed May 18, 1967.*

374

WARD, J., took no part.

KALVIN M. GROVE, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES B. KLEIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

The principal problem here arises on a writ of error to review a 1960 Cook County jury trial which resulted in conviction of Charles Musil and Arthur John Morton of the murder of Carl Christensen. Each defendant was sentenced to 35 years imprisonment. The writ of error requested by defendant Musil and issued by the Clerk also brought on for review convictions on two unrelated indictments in which, subsequent to the murder trial, defendant had entered pleas of guilty to armed robbery and assault with intent to commit robbery. He then received concurrent sentences of imprisonment for terms of 5-15 years and 5-14 years to commence at the expiration of the sentence for murder.

Defendant contends all three indictments fail to charge crimes in that they do not state the time and place of the offense as definitely as this could have been done. His argument is based upon the decision of the Fourth District Appellate Court in *People* v. *Blanchett,* 55 Ill. App. 2d 141. However, the construction of section 111—3 of the Code of Criminal Procedure (Ill. Rev. Stat. 1965, chap. 38, par. 111—3) adopted by the appellate court in that case was rejected by this court and the appellate court judgment reversed. (*People* v. *Blanchett,* 33 Ill.2d 527; see also *People* v. *Reed,* 33 Ill.2d 535; *People* v. *Petropoulos,* 34 Ill.2d 179.) The indictments were sufficient.

As to the murder conviction defendant makes two additional arguments, contending that statements given by him to an assistant State's Attorney were involuntary and inadmissible and that the court erred in permitting his impeachment at the trial by the use of his contrary testimony at the inquest into the death of the murder victim.

Carl Christensen, who was a milk-truck driver, was shot and killed on the afternoon of November 13, 1959. During the morning of November 14, 1959, Arthur John Morton was arrested, and he told the police officers where the defendant lived. The officers went to the defendant's home at

about 11:30 A.M., were admitted by his mother, and arrested the defendant. He was taken first to a police station, and about 1:00 P.M. was taken to the State's Attorney's office where the challenged statements were signed. An assistant State's Attorney, a court reporter and a police officer testified that the statements accurately reported the questions put to the defendant and the answers that he made. The defendant did not deny that he had signed the statements, but he denied that any questions were put to him by the assistant State's Attorney, and that he made any of the answers contained in the statements.

Both Morton and the defendant testified that before they made the statements they had been struck by police officers and had been promised leniency if they confessed. These charges were denied by the officers who participated in the arrests and who had custody of the arrested men until the statements were made. A physician testified that at the request of "the detective bureau" he examined Morton and the defendant about 9:30 P.M. on November 14 and that he discovered no indications of physical violence. Photographs of the two men, taken at that time, were admitted in evidence.

While Morton was testifying at the hearing upon the motions to suppress the statements the following occurred:

"MR. GRIFFIN: [Defendant's Attorney] Q. Were you advised of your constitutional rights?

MR. FISHER: [Assistant State's Attorney] I object, Your Honor.

THE COURT: No, I will take the answer, because I imagine the statement reflects that. Go ahead. Were you advised of your constitutional rights?

THE WITNESS: I asked that I be allowed to call an attorney or to call my parents or to have someone get in contact with them or for me to get in contact with them, that I was confused, to see anyone.

MR. GORDON: [Assistant State's Attorney] Well, I object, Judge.

THE COURT: The answer is not responsive and I will strike it. Read the question to him, Mr. Reporter.

MR. GRIFFIN: Never mind, Your Honor, I am through with the witness."

The defendant testified at the coroner's inquest into the death of Carl Christensen. Morton was present at the inquest but he did not testify. Before he testified the defendant was told by the deputy coroner that "You do not have to testify here today unless you do so of your own free will and accord without any promise of immunity or reward knowing full well that anything you may say now may be used against you at this hearing or at some future hearing." Thereafter the defendant testified, and his testimony amounted to a confession of the crime.

At the trial the defendant denied that he had anything to do with the shooting of Christensen. By way of impeachment, the questions put to him at the coroner's inquest and his answers thereto were read to him. Also at the trial, officer William Moynahan, who was present when the statements were made, was asked whether at this time the defendant and Morton were advised of their constitutional rights and whether counsel was present. Objections to these questions were sustained.

The defendant has relied upon *Escobedo* v. *Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977, but the principles announced in that case, and in *Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, are not available to him, as his trial took place in January of 1960. (*Johnson* v. *New Jersey,* 384 U.S. 719, 16 L. Ed. 2d 882; *People* v. *McGuire,* 35 Ill.2d 219.) Resolution of the issues on this appeal must be predicated upon our rules as they then existed. Pursuant thereto "any failure to advise the defendant of his constitutional rights and the failure to provide him with counsel

are only attendant circumstances in deciding whether his confession was voluntary." (*People* v. *Lyons,* 36 Ill.2d 336, 339.) Nor does the fact that he was arrested on November 14 but not arraigned until December 2 make defendant's November 14 confession inadmissible, as defendant urges, citing *Mallory* v. *United States,* 354 U.S. 449, 1 L..Ed. 2d 1479, and *McNabb* v. *United States,* 318 U.S. 332, 87 L. Ed. 819. The *McNabb-Mallory* rule is "one of Federal procedure which this court has consistently refused to adopt". (*People* v. *Miller,* 33 Ill.2d 439, 442; see also *People* v. *Kees,* 32 Ill.2d 299, 302.) Our rule is that unlawful detention is a circumstance to be considered in deciding whether a confession was made voluntarily, but does not, of itself, invalidate a confession. (*People* v. *Novak,* 33 Ill.2d 343, 348; *People* v. *(Jimmie) Jackson,* 23 Ill.2d 274, 280.) Also, it should be noted that defendant made his statement about $1\frac{1}{2}$ hours after his arrest and that the unlawful delay occurred thereafter. "[I]llegal detention after a confession has been voluntarily given, will not relate back so as to render the confession inadmissible." (*People.* v. *Palmer,* 31 Ill.2d 58, 68.) We are of the opinion that so far as physical coercion and promises of leniency are concerned, the trial judge was completely justified in believing the testimony of the police officers and other witnesses, rather than that of the defendant and Morton. We therefore conclude that defendant's confession was properly found to be voluntary.

Defendant argues that the trial judge denied him due process by refusing to allow officer Moynahan to answer the questions posed at the trial as to whether defendant and Morton were advised of their constitutional rights and whether counsel was present when the statements were made. While the trial court's rulings may have been erroneous, any error in this regard cannot be considered of constitutional magnitude as the defendant never asserted, either at the hearing on the motion to suppress or at the

trial, that he requested counsel (as required by *People* v. *Hartgraves,* 31 Ill.2d 375) or that he was not advised of his constitutional rights. This conclusion is reinforced by the fact that it is apparent from the language of the trial court, in the excerpt presented from Morton's testimony at the hearing on the motion to suppress, that he would have allowed questions such as that posed to Morton to be answered at the hearing, even though there was no allegation in the motion to suppress concerning a failure to advise of constitutional rights or the absence of counsel.

The defendant argues strongly that the use of his testimony at the coroner's inquest to impeach his testimony at the trial was error. Our decision in *People* v. *(LeRoy) Jackson,* 23 Ill.2d 263, stated the conditions that must be met before a judicial admission may be used against a defendant. We are of the opinion that the admonition given by the deputy coroner in this case met the requirements there laid down, particularly since Morton refused to testify at the same inquest, and that subsequent use of defendant's inquest testimony to impeach his contrary trial statements was not improper.

The judgments of the circuit court of Cook County are affirmed.

*Judgments affirmed.*

Mr. Justice Ward took no part in the consideration or decision of this case.