UNITED STATES of America ex rel.
Charles MUSIL, Petitioner,

v.

Frank J. PATE, Respondent.

No. 68 C 2472.

United States District Court
N. D. Illinois, E. D.

March 7, 1969.

Kalvin M. Grove, Chicago, Ill., for petitioner.

John Sorrentino, Asst. Atty. Gen., for respondent.

MEMORANDUM OPINION

MAROVITZ, District Judge.

Petition for Writ of Habeas Corpus

This is a petition for a writ of habeas corpus. Petitioner and another party were arrested on November 14, 1959, one day after the fatal shooting of Carl Christensen. Some unknown time later, petitioner was called as a witness at the coroner's inquest into the death of Carl Christensen. Before testifying, he was warned by the deputy coroner that he did not have to testify unless he did so voluntarily and that anything said may be held against him at a later date. Petitioner was not advised that he had a right to counsel. Petitioner then gave testimony amounting to a confession. At trial for the murder of Christensen, petitioner denied his guilt, and the testimony he had previously given was used to impeach him. Petitioner was found guilty of murder and sentenced to thirty-five years imprisonment. The Illinois Supreme Court affirmed that conviction on May 18, 1967. People v. Musil, 37 Ill.2d 373, 227 N.E.2d 751 (1967).

Petitioner brings this action on the theory that his conviction was in violation of his constitutional right to coun-

sel. The Sixth Amendment to the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right \* \* \* to have the Assistance of Counsel for his defense." That right is a fundamental right, essential to a fair trial, and, consequently, applicable to the states under the due process clause of the Fourteenth Amendment. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963).

■ The question before this court is whether an indigent has a right to counsel at a coroner's inquest. It is clear that the right to counsel is not limited to having a lawyer present at the trial. Moore v. Michigan, 355 U.S. 155, 160, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957). The clearest and most recent statement of the scope of the right to counsel is found in Mempa v. Rhay:

> "appointment of counsel for an indigent is required at every stage of a criminal proceeding where the substantial rights of a criminal accused may be affected."
>
> 389 U.S. 128, 134, 88 S.Ct. 254, 257, 19 L.Ed.2d 336 (1967).

Besides the trial, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963), an accused has a right to counsel at some arraignments, Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), United States v. Stahl, 393 F.2d 101 (7th Cir. 1968); at preliminary hearings, Arsenault v. Massachusetts, 393 U.S. 5, 89 S.Ct 35, 21 L.Ed.2d 5 (1968), White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); at the time of sentencing, Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); at a revocation of probation proceeding, McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968), Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); and on appeal, Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

The specific question before us, then, is whether a coroner's inquest is a similar criminal proceeding wherein the rights of the accused may be affected. The state contends that the purpose of the inquest is "merely a preliminary investigation into the circumstances surrounding a particular death." (Brief, at 4). Further, a short while after the Illinois Supreme Court affirmed petitioner's conviction, it discussed the nature of a coroner's inquest and was "unwilling" to find that it was a "stage of a criminal proceeding." People v. Murdock, 39 Ill.2d 553, 558, 237 N.E.2d 442 (1968). On this basis, the Illinois Supreme Court said that Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), was inapplicable.

Mr. Justice Schaefer's dissent on this issue is particularly compelling, 39 Ill.2d at 563–566, 237 N.E.2d 442. As he points out, "(a) coroner's inquest is a proceeding of some kind and it certainly is not a civil proceeding." Id. at 564, 237 N.E.2d at 448. The statutory purpose of this formal proceeding is to determine how and "by whom \* \* \* the dead body came to its death \* \* \*." Ill.Rev.Stat. ch. 31, ¶ 15 (1967). In this particular case, petitioner was clearly suspected of murder. He was under arrest. He was called to testify about the circumstances regarding the murder. In sum, the proceeding was clearly criminal in nature, a critical stage in the criminal process.

Moreover, not only was this a stage where the accused's rights may have been affected, they were affected. The situation presented here is not distinguishable from that in Arsenault v. Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed.2d 5 (1968). In both cases, the petitioners were arrested in connection with a recent homicide and made incriminating statements at a preliminary hearing at which each was unassisted by counsel. Later at their respective trials, each was questioned about his prior statements, in Musil's case for purposes of "impeachment" and in Arsenault's case for "refreshing his memory." 393 U.S. at 5, 89 S.Ct. 35, 21 L.Ed.2d 5. Both were found guilty. It is apparent to us that the ab-

sence of the aid of counsel deprived this petitioner as it did Arsenault of his basic right to an adequate meaningful defense.

█ There is an additional, independent reason why we believe that this petitioner was deprived of basic rights. Among the Illinois laws regarding coroner's inquests is the following:

"Any witness appearing at the inquest shall have the right to be represented by counsel."

Ill.Rev.Stat. ch. 31, ¶ 18.1 (1967). That provision was in force when petitioner was brought to testify at the inquest, although he was not advised of this right. The state suggests that the absence of any provision for the appointment of counsel is of "primary significance." (Brief, at 2). Also, the Illinois Supreme Court, in People v. Murdock, said that this statute "has never been construed to give an indigent witness the right to free counsel, even though such witness was then suspected of murdering the decedent." 39 Ill.2d 553, 557, 237 N.E.2d 442, 445 (1968). Yet, under these circumstances, what this construction means in plain and simple terms is that the rich have a right to counsel but the poor do not. I can hardly think of a construction which more clearly violates the equal protection clause of the Fourteenth Amendment. Cf. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

In support of its position that defendant Musil was adequately advised of his rights, the state refers us to People v. Jackson, 23 Ill.2d 263, 178 N.E.2d 310 (1961). In that case the defendant was arrested on a murder charge. The day after his arrest he signed a lengthy confession describing the murder. About a week later, at a preliminary hearing, without being represented by counsel or advised of his right to remain silent, the defendant admitted under oath that he stabbed the victim. The transcript of this proceeding was admitted into evidence against the defendant at his trial. On appeal, the defendant contended that his privilege against self-incrimi-

nation had been violated. The state suggested that defendant waived the privilege when he affirmatively replied to a question as to whether his statement was made of his own free will. The Illinois Supreme Court rejected this reasoning, and properly pointed out:

"One cannot waive a right he does not know exists, and there is nothing in this record from which it can be said that the defendant knew or should have known of his right * * *. Indeed, it is admitted he was not at any time advised of this right before he testified under oath, thus leaving little room for the argument that he deliberately and intelligently waived such right."

23 Ill.2d 263, 269, 178 N.E.2d 310, 313 (1961).

Quite simply, this case is support for defendant's position, not for that of the state.

█ Moreover, that a criminally accused must be adequately informed of his rights before he can be said to have made an intelligent and voluntary waiver of them is a principle of long standing. Indeed, the United States Supreme Court has defined a waiver as "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 146 A.L.R. 357 (1938). Further, " 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and * * * we 'do not presume acquiescence in the loss of fundamental rights.' " Id. Petitioner was not advised of his right to counsel under the Sixth Amendment or Illinois state law. Consequently, he cannot be said to have waived this right.

The judiciary has been particularly vigilant in the area of constitutional rights. In recent years, many important opinions have been written on the Fourth Amendment right to be secure against unreasonable searches and siezures, e. g., Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), United States v. White, 405 F.2d 838 (7th Cir. 1969), on the Fifth Amendment's guar-

antee of the privilege against self-incrimination, e. g., Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966), Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 2d 977 (1964), and on the Sixth Amendment rights of assistance to counsel for one's defense, e. g., Arsenault v. Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed. 2d 5 (1968), Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963), and to confront and cross-examine the witnesses against him, e. g., Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Our decision today is in line with these attempts to preserve, protect, and to make meaningful the Constitutional rights and privileges which are afforded free citizens in a free society.

 Petitioner is entitled to have his murder conviction vacated and a new trial ordered at which time his testimony given at the coroner's inquest would be inadmissible. As petitioner is being incarcerated legally on two other indictments, he must not, of course, be released from prison.