[Crim. No. 12647. Fourth Dist., Div. Two. Oct. 20, 1981.]

THE PEOPLE, Plaintiff and Appellant, v.
MICHAEL DWAYNE PICKENS, Defendant and Respondent.

**COUNSEL**

Dennis Kottmeier, District Attorney, and Joseph A. Burns, Deputy District Attorney, for Plaintiff and Appellant.

Charles E. Ward, Public Defender, and Robert J. Webb, Chief Deputy Public Defender, for Defendant and Respondent.

OPINION

**GARDNER, P. J.**—In this case, we hold that "court days" for purposes of measuring the number of days from arraignment to preliminary hearing (Pen. Code, § 859b) includes "special holidays" a county provides its employees. Therefore, the People's motion to reinstate the complaint was properly denied.

On December 2, 1980, defendant was in custody and arraigned in a municipal court on felony charges. The preliminary hearing was set for December 16, 1980. On that day the People were unable to proceed. The case was dismissed and promptly refiled. At that time the defendant was arraigned, pled not guilty and a preliminary hearing date was set for January 5, 1981. On that date the People were again unable to proceed because they had been misinformed by the municipal court system's computerized calendar and believed the preliminary hearing was set for January 15, 1981. The magistrate dismissed the complaint. The People filed a motion in superior court to reinstate the complaint. (Pen. Code, § 871.5.) That motion was denied and the People appeal. We affirm.

Penal Code section 859b provides that, if the defendant is in custody at the time of his arraignment and does not waive time and if the People do not establish good cause for a continuance, the magistrate shall dismiss the complaint if the preliminary hearing is set beyond 10 *court days* from the time of arraignment. The issue presented in this case is: What is a court day?[1]

The 20-day period between December 16, 1980 and January 5, 1981, was a curious mishmash of "days." For seven days the court was un-

---

[1]Though the term "court days" was added to Penal Code section 859b in 1970 (Stats. 1970, ch. 1371, § 1, p. 2537), we find no legislative history or definition of the term, nor any apparent attempt by the Legislature to distinguish it from the term "judicial days." The latter term is found in Penal Code section 825 and the phrase "nonjudicial days" is used in Welfare and Institutions Code section 631. However, the term "court days" is used in Welfare and Institutions Code sections 653 and 655.

questionably open for business: Wednesday, December 17, Thursday, December 18, Friday, December 19, Monday, December 22, Tuesday, December 23, Monday, December 29, and Tuesday, December 30. There were three Saturdays and three Sundays when the court was not open. Sundays are state holidays (Gov. Code, § 6700, subd. (a)). Saturdays are not state holidays, but have not been treated as "court days" for purposes of Penal Code section 859b, either.[2] Additionally, the court was not open on Christmas, December 25, or New Year's Day, January 1. Both are state holidays, provided for in Government Code section 6700, subdivisions (k) and (b), respectively. In addition, during this period of time, four special San Bernardino holidays were declared by the San Bernardino County Board of Supervisors. These were: Christmas Eve, December 24, New Year's Eve, December 31, plus Friday, December 26, and Friday, January 2. These four holidays were not provided for in Government Code section 6700.

The People contend that only seven of the days elapsing between arraignment and the preliminary hearing can be counted as "court days" since a "court day" means that the court is open for business. Conversely, defendant contends that "court days" means "judicial days" which would add the three Saturdays plus the four special holidays created by the board of supervisors. We need only discuss the four "special holidays" since that disposes of the matter.

■ A "judicial day" is defined by statute and is uniform among all the counties of the state. A "judicial day" is any day except Sundays and holidays enumerated by Government Code section 6700. (Code Civ. Proc., § 134.) Legislation has specifically so provided insofar as arraignments are concerned. (Pen. Code, § 825.) Government Code section 6700 provides that the so-called altered holidays shall not be considered as a holiday or a day in which a court is not in session for the purpose of taking a criminal defendant before a magistrate as pro-

---

[2]Whether Saturday is a "court day" has not caused the legal community to lose much sleep. Despite the fact that Saturday is not a state holiday (Gov. Code, § 6700), the Government Code states that municipal and justice courts are not open for business on Saturdays, and Saturday is considered a "holiday" as respects the transaction of business in municipal or justice court . . . except as provided in sections 72300, 72301. (Gov. Code, §§ 72305, 71345.) Moreover, several decisions have implicitly concluded without any need for discussion that Saturday is not a "court day" for purposes of Penal Code section 859b. (*Landrum v. Superior Ct.* (1981) 30 Cal.3d 1 [177 Cal.Rptr. 325, 634 P.2d 352]; *Serrato v. Superior Court* (1978) 76 Cal.App.3d 459.)

vided in Penal Code section 825.[3] It is true that Penal Code section 825 refers to arraignment, but the legislative intent is clear. The board of supervisors may rearrange holidays but in so doing it may not deprive defendant of his statutory time right to appear before a magistrate.

The four additional, local holidays created by the board of supervisors were not simply altered holidays, but additional holidays. These "special holidays" were limited in benefit to a group of citizens (i.e., San Bernardino County employees). (Gov. Code, § 6705.) When a "special holiday" is declared by the President or Governor, Government Code section 6705 expressly states that "all courts and public offices of the State, any political subdivision or any city, shall be open and function in their normal and usual manner." We can conceive of no reason why a contrary rule would govern when the board of supervisors declares an additional, local "special holiday." The Code of Civil Procedure compels this conclusion. Code of Civil Procedure section 135 provides that courts of this state shall be open for judicial business on "special holidays" as defined in Government Code section 6705.

Further, Code of Civil Procedure section 133 provides that all courts may be open for business on all days except as provided in Code of Civil Procedure section 134. In turn, section 134 provides that "No court, other than the Supreme Court and the courts of appeal, shall be open for the transaction of judicial business on any day specified or provided for as a holiday by [Gov. Code, § 6700] *other than a special holiday*, . . . except for the following purposes: . . . [¶] 3. For the exercise of the powers of a magistrate in a criminal action, or in a proceeding criminal in nature." (Italics added.) This statute would seem to clearly apply here. In other words, we reject the concept that "special holidays" created by the board of supervisors are somehow converted into regular holidays for the purpose of the running of time under Penal Code section 859b. Any other ruling would make a shambles out of any effort at symmetry in the criminal/judicial process. Each of the 58 counties in the state would have a different set of standards for the counting of days between arraignment and the preliminary hearing. In the case at bench, even when we subtract three Sundays, three Saturdays and two

---

[3]Government Code section 6700 states that the county board of supervisors may alter certain state holidays identified therein. However, it positively states: "Provided, however, that any such altered holiday shall not be considered a holiday or a day on which a court is not in session for purposes of taking criminal defendants before a magistrate as provided in Section 825 of the Penal Code."

regular holidays from the number of calendar days between arraignment and the preliminary hearing, we come out with twelve days. Thus, the magistrate was correct in dismissing the complaint unless good cause was shown.

The People's next contention is that good cause existed for a continuance (i.e., the computer mixup). We do not agree. Clerical error or miscalculations on the part of the court administrators and their computers is not the fault of the defendant and not the equivalent of good cause. (*Sykes* v. *Superior Court* (1973) 9 Cal.3d 83, 94 [106 Cal.Rptr. 786, 507 P.2d 90]; *People* v. *Kerwin* (1972) 23 Cal.App.3d 466 [100 Cal.Rptr. 240].)

■ Next the People contend that there is no showing of prejudice. The 10-day rule is statutory. Dismissal is mandatory if a hearing is not afforded the defendant absent good cause shown by the People. Prejudice need not be shown.[4] (*Serrato* v. *Superior Court* (1978) 76 Cal.App.3d 459, 468-470 [142 Cal.Rptr. 882]). "[A]n accused is not legally committed within the ambit of section 995 if the magistrate denies him the right to have his preliminary examination held within the mandatory time limit prescribed by section 859b . . . ." (*Id.* at p. 469.) (See also *Johnson* v. *Superior Court* (1979) 97 Cal.App.3d 682, 686 [158 Cal.Rptr. 899].)

Finally, the People contend that the speedy trial provisions are not appropriate to preliminary hearings, but only to trials. We do not agree. We can think of no more fitting example of the need for prompt governmental action than the situation of one against whom there has not as yet been established any probable cause being confined in jail. In discussing Penal Code section 859b, *Serrato* v. *Superior Court, supra,* states, "[t]he 10-day deadline applies only to persons who are in custody, and this fact, per se, manifests a legislative policy to eliminate the possibility that persons charged with felonies might suffer prolonged incarceration without a judicial determination of probable cause merely

---

[4]The People's contention that defendant must show prejudice, relying on *Scherling* v. *Superior Court* (1978) 22 Cal.3d 493 [149 Cal.Rptr. 957, 585 P.2d 219] is not well taken. *Scherling* concerned itself with the constitutional guarantee of speedy trial under the California Constitution (art. I, § 15). That case simply held due process is the appropriate test to be applied to a delay after a crime is committed but before a formal complaint is filed or the defendant is arrested. (*Id.* at p. 504.) By contrast, we deal here with a statutory time limit involving delay in prosecuting a preliminary hearing after the defendant was arrested and charged.

because they are unable to post bond in order to gain their freedom." (76 Cal.App.3d at p. 465.)

Judgment affirmed.

McDaniel, J., and Morris, J., concurred.

A petition for a rehearing was denied November 10, 1981, and the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied December 16, 1981.