352 S.E.2d 143

**STATE of West Virginia**

v.

**James Dale HUTCHESON.**

**No. 16835.**

Supreme Court of Appeals of
West Virginia.

Dec. 19, 1986.

William S. Steele, Williamson, for appellant.

Atty. Gen. Charlie Brown, Asst. Atty. Gen. Mary Beth Kershner, Charleston, for appellee.

MILLER, Chief Justice:

James Dale Hutcheson appeals his three burglary convictions which occurred in the Circuit Court of Mingo County. He assigns as error the trial court's refusal to suppress his confession because of the delay in taking him to a magistrate. Complaint is also made that the trial court should have quashed his indictment because he was not accorded a preliminary hearing. A final contention is made that there was insufficient evidence to warrant his conviction. We conclude that none of these claims has merit, and we affirm the convictions.

The circumstances surrounding the defendant's confession are that around 10:40 a.m. on July 14, 1983, he was arrested at the residence of a Gerald Justice, who had been suspected of attempting to purchase some of the property that the defendant had stolen. The State police obtained the cooperation of Mr. Justice, who telephoned the defendant and agreed to purchase some of the stolen goods which the defendant had earlier offered to sell to Mr. Justice. When the defendant arrived at Mr. Justice's residence, the State police were waiting and he was arrested. He had in his possession some of the stolen property.

The evidence at the suppression hearing showed that at the time of his arrest he was orally advised of his *Miranda* rights. The defendant was placed in a police cruiser and was driven to the sheriff's office. On the way, he was asked if he would make a statement and he replied that he would. No further conversation was had at that time. When they arrived at the sheriff's office, the defendant was again advised of his *Miranda* rights and signed a waiver of rights form at 11:38 a.m.

After some preliminary questioning, the defendant admitted his involvement in the burglary of three residences from which he had obtained assorted firearms. A separate statement was made for each incident which was written out by a Trooper John A. Zirkle of the West Virginia Department of Public Safety. Each statement was signed by the defendant and concluded with the phrase that it "has been read by me and to me and is true and correct to the best of my knowledge."

Subsequent to the completion of these statements which occurred around 2:00 p.m., the defendant indicated to the investigating officers that he was aware of the possible location of a stolen continuous miner in a remote area of the county called Ben Creek. He indicated a willingness to take them to the area and the officers decided to pursue this lead. They drove the defendant to this area where they proceeded to search for the continuous miner, but could not find it. This side trip consumed approximately four hours. They then went to the courthouse where the defendant was taken before a magistrate.

The defendant claims that there was an unreasonable delay in taking him to a magistrate after his initial arrest and, therefore, under Syllabus Point 1 of *State v. Guthrie*, 173 W.Va. 290, 315 S.E.2d 397 (1984), and related cases, the defendant's confession was invalid:

" 'The delay in taking a defendant to a magistrate may be a critical factor [in the totality of circumstances making a confession involuntary and hence inadmissible] where it appears that the pri-

mary purpose of the delay was to obtain a confession from the defendant.' Syllabus Point 6, *State v. Persinger,* [169 W.Va. 121], 286 S.E.2d 261 (1982), as amended."

■ Recently, in *State v. Humphrey,* 177 W.Va. 264, 351 S.E.2d 613 (1986), we had occasion to discuss this area in some detail. In *Humphrey,* the defendant after being given his *Miranda* rights was interrogated and initially denied any involvement in the crime. After hearing an incriminating taped conversation, he admitted that he had committed the crime. Thereafter, the police took a written statement which was prepared by the investigating officer and then read and signed by the defendant. The taking of the written statement consumed about one hour and in reliance on earlier cases, we held in Syllabus Point 3 of *Humphrey,* as follows:

"The delay occasioned by reducing an oral confession to writing ordinarily does not count on the unreasonableness of the delay where a prompt presentment issue is involved." [1]

Much the same facts are present in this case, except that here, the defendant initially indicated a willingness to make a statement. Consequently, we conclude that the time consumed in reducing the defendant's oral statement to writing is not countable on the unreasonable delay question. We stated as the rationale for this rule in *Humphrey* that "having an oral confession put in writing protects the interests of the defendant and the State by ensuring the accuracy of the confession and by preserving its details in writing." 177 W.Va. at 269, 351 S.E.2d at 617.

■ Also at issue in *Humphrey* was the question of a delay in taking the defendant to a magistrate occurring after the defendant's confession. This delay was occasioned by the officers' efforts to secure certain physical evidence connected to the crime as revealed in the defendant's statement. We pointed out in *Humphrey* that "[u]nder our prompt presentment rule, the significant time period when an accused is in police custody is the time between the arrest or the time probable cause exists to arrest and the time a statement is obtained from the accused." 177 W.Va. at 269, 351 S.E.2d at 617–18. One of the primary purposes of a prompt presentment statute is to ensure that the police do not use the delay to extract a confession from a defendant through prolonged interrogation. Where there is not found to be such a delay in obtaining the confession, any subsequent delay should ordinarily not vitiate the confession simply because there is no causal connection between this subsequent delay and the procurement of the initial confession. We also indicated in *Humphrey* that a number of other courts had reached the same result [2] and concluded in Syllabus Point 4:

"Ordinarily the delay in taking an accused who is under arrest to a magistrate after a confession has been obtained from him does not vitiate the confession under our prompt presentment rule."

We did express in note 6 of *Humphrey,* 177 W.Va. at 269, 351 S.E.2d at 618 (Slip Op. at 8), this caveat with regard to further interrogation after the initial confession: "We do not mean to imply that if further interrogation ensues which leads to other inculpatory evidence, that such evidence may also be admissible. This issue is not raised in the present case."

1. The cases cited in *Humphrey* for this position are as follows: *State v. Hickman,* 175 W.Va. 709, 721 n. 23, 338 S.E.2d 188, 200 n. 23 (1985); *Matter of Mark E.P.,* 175 W.Va. 83, 91, 331 S.E.2d 813, 821 (1985); *State v. Ellsworth J.R.,* 175 W.Va. 64, 70, 331 S.E.2d 503, 508–09 (1985); *State v. Mitter,* 169 W.Va. 652, 656, 289 S.E.2d 457, 461 (1982).

2. *E.g., State v. Everett,* 110 Ariz. 429, 520 P.2d 301 (en banc), *cert. denied,* 419 U.S. 880, 95 S.Ct. 144, 42 L.Ed.2d 120 (1974); *People v. Raymer,* 662 P.2d 1066 (Colo.1983) (en banc); *People v. Musil,* 37 Ill.2d 373, 227 N.E.2d 751 (1967); *State v. Carter,* 412 A.2d 56 (Me.1980); *Johnson v. State,* 282 Md. 314, 384 A.2d 709 (1978); *People v. Livingston,* 57 Mich.App. 726, 226 N.W.2d 704 (1975); *State v. Taylor,* 46 N.J. 316, 217 A.2d 1, *cert. denied,* 385 U.S. 855, 87 S.Ct. 103, 17 L.Ed.2d 83 (1966); *State v. Johnson,* 119 R.I. 749, 383 A.2d 1012 (1978); *State v. Hintz,* 318 N.W.2d 915 (S.D.1982); Annot., 28 A.L.R.4th 1121, 1178–84 (1984).

■ In the present case, the additional delay in taking the defendant to a magistrate was not occasioned by the police attempting further interrogation or efforts to obtain other inculpatory evidence that was not revealed in the initial confessions. Here, the defendant volunteered to lead the police to recover a piece of stolen property that was unrelated to the offenses for which he was charged and to which he was not connected. Under these circumstances, we do not believe that this delay can be deemed a reason for vitiating his original confessions.

The defendant also assigns error on the basis that he was not given a preliminary hearing. He contends the trial court erred in failing to quash the indictment on this basis. From the record, it is difficult to tell whether he was denied a preliminary hearing altogether,[3] or whether there was a delay in the preliminary hearing in violation of the time constraints of Rule 5(c) of the West Virginia Rules of Criminal Procedure.[4] This factual discrepancy is not important as Rule 5(c) applies in either case.

It is clear from the record that the defendant was arrested on July 14, 1983, and was held in custody from that date up to and including the trial because of his inability to make bond. Even if we assume that a preliminary hearing had been held on August 3, 1983, this was more than ten days from the date of his arrest and exceeds the ten-day limitation set out in Rule 5(c) where a defendant is in custody. Moreover, none of the exceptions to extend the time of the preliminary hearing as discussed below was met.

■ It is apparent from the language of Rule 5(c) that where a defendant is in custody following his initial appearance before a magistrate,[5] his preliminary hearing must be held no later than ten days from the date of his initial appearance,[6] unless one of the following exceptions occurs: (1) if the defendant waives the preliminary hearing; (2) if before the date of the preliminary hearing, an indictment or information is filed against the defendant in the circuit

3. During the suppression hearing, the defendant was asked if he had gone to a preliminary hearing on August 3, 1983, and gave an affirmative answer. His counsel did not confirm this fact at the suppression hearing and in his brief states "the defendant was never given a preliminary hearing."

4. The pertinent portion of Rule 5(c) of the West Virginia Rules of Criminal Procedure is:
   "If the offense is to be presented for indictment, a defendant is entitled to a preliminary examination unless waived. If the defendant does not waive preliminary examination, the magistrate shall schedule a preliminary examination. Such examination shall be held within a reasonable time but in any event not later than 10 days following the initial appearance if the defendant is in custody and no later than 20 days if he is not in custody; provided, however, that the preliminary examination shall not be held if the defendant is indicted or if an information against the defendant is filed in circuit court before the date set for the preliminary examination. With the consent of the defendant and upon a showing of good cause, taking into account the public interest in the prompt disposition of criminal cases, time limits specified in this subdivision may be extended one or more times by a magistrate. In the absence of such consent by the defendant, time limits may be extended by a judge of the circuit court only upon a showing that extraordinary circumstances exist and that delay is indispensable to the interests of justice."

5. Rule 5(c) outlines the procedures to be followed by the magistrate upon the defendant's initial appearance after his arrest and provides in pertinent part:
   "If the charge against the defendant is to be presented for indictment, the defendant shall not be called upon to plead. The magistrate shall inform the defendant of the complaint against him and of any affidavit filed therewith, of his right to retain counsel, of his right to request the assignment of counsel if he is unable to obtain counsel, and of the general circumstances under which he may secure pretrial release. He shall inform the defendant that he is not required to make a statement and that any statement made by him may be used against him. The magistrate shall also inform the defendant of his right to a preliminary hearing. He shall allow the defendant reasonable time and opportunity to consult with counsel or with at least one relative or other person for the purpose of obtaining counsel or arranging bail as provided by statute or in these rules and shall admit the defendant to bail as provided by statute or in these rules."

6. Rule 5(c) requires the preliminary hearing to be held within twenty days where the defendant is not in custody. *See* note 4, *supra.*

court; (3) if, with the consent of the defendant and upon a showing of good cause, the preliminary hearing date is extended one or more times by the magistrate; or (4) if, in the absence of the defendant's consent, a circuit court judge extends the time for preliminary hearing only upon a showing that extraordinary circumstances exist and that the delay is indispensable to the interests of justice.

Our Rule 5(c) is taken from Rule 5(c) of the Federal Rules of Criminal Procedure.[7] The federal courts which have confronted this issue have concluded that the time periods contained in Rule 5(c) are mandatory and that, in the absence of meeting any of the exceptions contained in the rule, the appropriate remedy where the time periods for holding a preliminary hearing have lapsed is for the defendant to move to dismiss the arrest warrant and to be released from custody. Such a dismissal of the charge, however, does not foreclose the State from initiating a new charge. *E.g., United States v. Rogers*, 455 F.2d 407, 412 (5th Cir.1972); *United States v. Milano*, 443 F.2d 1022, 1024, 1025 (10th Cir.1971); *United States v. Assenza*, 337 F.Supp. 1057, 1061 (M.D.Fla.1972); *see generally* 1 C. Wright, Federal Practice & Procedure § 85 (2d ed. 1982). Several state courts where a similar provision exists have reached the same result. *E.g., People v. Pickens*, 124 Cal.App.3d 800, 177 Cal.Rptr. 555 (1981); *State v. Holiday*, 335 N.W.2d 332, 335 (S.D.1983); *State v. Stoeckle*, 41 Wis.2d 378, 164 N.W.2d 303 (1969).

The basis for this rule is the recognition that a preliminary hearing is designed to permit a defendant to challenge the probable cause that initially led to his arrest. Since the initial probable cause for arrest is done on an ex parte basis, there is a paramount need that a defendant should be promptly afforded an opportunity for a hearing where the state must establish its probable cause and the defendant may contravene the state's case. This is particularly true where the defendant is incarcerated as a result of the initial arrest.[8]

In the present case, however, the defendant did not move to have the charges dismissed and for his release from custody for the failure to hold a timely hearing. He elected prior to trial and after the return of the indictment to raise the issue by way of a motion to quash the indictment. The authorities are uniform that the delay in holding or failure to hold a preliminary hearing will not vitiate an indictment. *E.g., United States v. Estepa*, 471 F.2d 1132 (2d Cir.1972); *United States v. Dorsey*, 462 F.2d 361 (3d Cir.1972); *United States v. Anderson*, 481 F.2d 685 (4th Cir. 1973); *United States v. Rogers*, 455 F.2d 407 (5th Cir.1972); *United States v. Milano*, 443 F.2d 1022 (10th Cir.1971), *cert. denied*, 404 U.S. 943, 92 S.Ct. 294, 30 L.Ed.2d 258 (1971). We have reached virtually the same result by our holdings that

---

**7.** Rule 5(c) of the Federal Rules of Criminal Procedure was evolved from 18 U.S.C.A. § 3060(e), relating to relief by way of a discharge from custody. *See generally United States v. Green*, 305 F.Supp. 125, 130–34 (D.C.S.D.N.Y.1969). We have in the past recognized that our inherent rule-making power, which is constitutionally sanctioned under Article VIII, Sections 3 and 8, enables us to set procedural rules and remedies. *E.g., State ex rel. Watson v. Ferguson*, 166 W.Va. 337, 342, 274 S.E.2d 440, 444 (1980); *State v. Byrd*, 163 W.Va. 248, 256 S.E.2d 323 (1979); *State v. Gary*, 162 W.Va. 136, 247 S.E.2d 420 (1978); *State v. Bolling*, 162 W.Va. 103, 246 S.E.2d 631 (1978); *Stern Bros., Inc. v. McClure*, 160 W.Va. 567, 236 S.E.2d 222 (1977); *State ex rel. Partain v. Oakley*, 159 W.Va. 805, 227 S.E.2d 314 (1976). We, therefore, conclude that the federal remedy of release from custody and dismissal without prejudice of the charges is the appropriate remedy

when a preliminary hearing has not been properly held, in addition to that remedy prescribed in note 8, *infra*.

**8.** We recognized in Syllabus Point 1 of *State ex rel. Rowe v. Ferguson*, 165 W.Va. 183, 268 S.E.2d 45 (1980), that "[a] preliminary hearing in a criminal case is not constitutionally required." We also stated that under W.Va.Code, 62–1–8 (1965), "a positive duty ... [was created] ... to conduct a reasonably prompt preliminary hearing once the defendant has been arrested on an indictable offense." Syllabus Point 4, in part, *Rowe*. Finally, in Syllabus Point 5 of *Rowe*, we accorded a defendant the right to bring a writ of mandamus to enforce his right to a preliminary hearing. *Rowe* was decided before the adoption of Rule 5(c) which expands the rights previously accorded under *Rowe* and W.Va.Code, 62–1–8 (1965).

the return of an indictment dispenses with the necessity of a preliminary hearing. *E.g., State ex rel. Rowe v. Ferguson*, 165 W.Va. 183, 268 S.E.2d 45 (1980); *State ex rel. Spadafore v. Fox*, 155 W.Va. 674, 186 S.E.2d 833 (1972); *see also State v. White*, 167 W.Va. 374, 280 S.E.2d 114 (1981).[9] Consequently, we conclude that the defendant is not entitled to have the indictment dismissed as a result of delay or failure to hold the preliminary hearing.

The defendant's final assignment of error that there was insufficient evidence to warrant his conviction is without merit. We apply our traditional rule for reviewing the State's case on appeal as contained in Syllabus Point 1 of *State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219 (1978):

> "In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the state's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done."

The defendant's confessions described how he broke into the three homes, all of which were located in the same general area of the defendant's home. The confessions also identified the firearms that were taken. Two of the home owners identified their firearms which the police had recovered from third parties. These third parties testified they had purchased the firearms from the defendant. The defendant when apprehended had in his possession all of the firearms taken from the third home and he was attempting to sell

these firearms to Mr. Justice. Those firearms were identified at trial by the home owner. Clearly, there was sufficient evidence to warrant conviction on the three counts of burglary.

Finding no error, we, therefore, affirm the judgment of the Circuit Court of Mingo County.

Affirmed.

---

9. We have concluded in several cases following the mandate of *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), that where a preliminary hearing is held, the Sixth Amendment right to counsel attaches and the denial of assistance of counsel may constitute error that is not cured by the subsequent rendition of an indictment and trial. *See Desper v. State*, 173 W.Va. 494, 318 S.E.2d 437 (1984); *State v. Stout*, 172 W.Va. 763, 310 S.E.2d 695 (1983); *Spaulding v. Warden*, 158 W.Va. 557, 212 S.E.2d 619 (1975); *but see* 1 F. Cleckley, Handbook on West Virginia Criminal Procedure § 441 (1985).