STATE OF WEST VIRGINIA

*v.*

JEROME E. BRADLEY

(No. 14016)

Decided December 11, 1979.

*Eugene D. Pecora* for P. E.

*Chauncey H. Browning,* Attorney General, *Joseph E. Cometti,* Assistant Attorney General, for D. E.

NEELY, JUSTICE:

This appeal arises from the conviction of the defendant, Jerome E. Bradley, for murder in the second degree. The defendant assigns three principal errors: the lack of counsel at the preliminary hearing; the introduction of statements made by the defendant at the preliminary hearing; and, the ineffective assistance of counsel at the trial. We affirm.

On February 20, 1975 the defendant, Jerome E. Bradley, shot and killed Clevon Murray at the Apple-Day Club in Beckley, West Virginia. Five days before at the American Legion Club, a fight between these two resulted in each being taken to a hospital for treatment. One of the witnesses to the incident, a daughter of the victim and a half-sister to the defendant, testified that she witnessed the defendant "sucker-punch" the victim. Other witnesses stated that there was a fight during which both the defendant and the victim were bloodied. All of the witnesses who knew the victim and the defendant agreed that there had been an ongoing feud between them. After this incident, witnesses testified to death threats that were made on different occasions by each party. The victim swore out a warrant against the defendant but it was not served until after the shooting of the victim.

That the defendant shot and killed the victim is uncontroverted. The incident was witnessed by a number of people; the defendant was apprehended at the scene of the crime; and, the defendant made a voluntary confession shortly thereafter. Arguing that the shooting was justifiable, a matter of self-defense, the defense stressed the following: death threats by the victim, the victim's reputation for violence, and the fact that the victim was armed at the time of the shooting. The main point of contention was whether the victim drew his pistol; no witness saw the victim draw it, but it was found by the police tucked inside his pants after the shooting.

The prosecution argued that the defendant, after obtaining his weapons, immediately sought out the victim. To further combat the claim of self defense the prosecution emphasized that the defendant emptied both guns which held a total of ten shots, and that the testimony of the defendant that he had shot the victim from a distance of twelve feet was contradicted by expert testimony that four of the bullet marks on the floor could only have been made if the defendant were standing directly over the victim and shooting down at him.

One day after the murder, a preliminary hearing on the warrant for the earlier assault and the warrant for the murder was held. The defendant was not represented by counsel. After the hearing was completed, Magistrate Rodriquez asked the defendant where he had been when the authorities had attempted to locate him to serve the assault warrant. The defendant responded that he had gone to his grandfather's to obtain two guns so that he could shoot Clevon Murray. This statement was later admitted into evidence during the trial.

Ever since the preliminary hearing was established as a critical stage in a criminal proceeding, *Spaulding v. Warden, W. Va. State Pen.*, ____ W.Va. ____, 212 S.E.2d 619 (1975), right to counsel has been mandatory at that stage. However, that requirement is subject to the harmless error test as presented in *State v. Boyd*, ____ W.Va. ____, 233 S.E.2d 710 (1977). In order to determine whether the error was harmful or prejudicial, the possibility of harm must be measured under the criteria outlined by the United States Supreme Court in *Coleman v. Alabama*, 399 U.S. 1 (1970). In *Coleman* the Supreme Court held that a preliminary hearing, while not constitutionally required, is a critical stage in the proceeding when conducted and further stated that the hearing is significant because counsel is able to cross-examine witnesses, preserve testimony of a favorable witness who does not appear at trial, discover the State's case, effectively prepare for trial, and make arguments for early psychiatric examination or bail. None of these criteria applies in this instance because the sole purpose of the

hearing was to inform the defendant of his rights and to inform him that the bond would be set by the criminal court judge. No witnesses were present who should have been subject to cross-examination, no presentation of the State's case was made, and no discussion of psychiatric examination was made before or after the trial. Under these circumstances it is manifest that the lack of counsel constituted harmless error beyond a reasonable doubt.

If that were all that had resulted from the preliminary examination, this case would not be before this Court for consideration. However, the statement that defendant had gone to his grandfather's for weapons, which was made after the hearing, was admitted into evidence at trial. While the question was not intended to probe for evidence, the use of his response as evidence was still error. If made during the examination, this testimony would not have been admitted into evidence since *W. Va. Code*, 57-2-3 [1965] precludes the introduction of any statements made by the accused in a prior legal examination. Although the statement was made in supposedly casual conversation after the hearing had formally concluded, the absence of counsel makes its introduction error.

In considering the extent of harm in introducing this evidence it must be remembered that the defendant had voluntarily confessed to the shooting. His confession contained the same information, namely that he had gone to his grandfather's for weapons. It is also significant that the question of whether the defendant shot the victim was uncontested; the controversy turned on the issue of self-defense. The defendant's statement may have been relevant to the question of premeditation, but the defendant was convicted of second degree murder so premeditation was not an issue. If indeed the defendant had had counsel he may have been cautioned against casual conversation, although counsel cannot protect against all *sua sponte* statements. The crucial question is whether the error was prejudicial. In this instance it is manifest that the harm caused by the testimony of

Magistrate Rodriequez was insignificant beyond a reasonable doubt since it was not crucial to the conviction. *State v. Boyd,* ___ W.Va. ___, 233 S.E.2d 710 (1977); *State ex rel. Grob v. Blair,* ___ W.Va. ___, 214 S.E.2d 330 (1975); *State v. Thomas,* ___ W.Va. ___, 203 S.E.2d 445 (1974).

In addition to the error of absence of counsel at the preliminary hearing and the error of introducing the statement made after the preliminary hearing, the defendant also contends that the assistance of counsel at trial was ineffective. The defendant listed the following errors: failure to be present at the striking of the jury and replacement with inexperienced counsel; late appointment of counsel; and, general incompetence in questioning and cross-examining witnesses.[1] None of these allegations singly amounts to *per se* ineffective assistance of counsel[2] and even considered in the totality of the entire record they do not amount to ineffective assistance.[3] While counsel did not exhibit excellence in

---

[1] The defendant also alleged other unsubstantiated examples of ineffective assistance: a vacation taken by counsel during the time for preparation, a conflict of interest between counsel and a key witness, and a failure to adequately interview the defendant and witnesses. If the defendant wishes to pursue this claim a record may be developed in a post conviction habeas corpus proceeding.

[2] See the following recent cases for examples of ineffective assistance: *State v. Pelfrey,* ___ W.Va. ___, 256 S.E.2d 438 (1979) (ineffective assistance where counsel failed to move for mistrial for personal economic motivations although reasonable belief reinforced by court that an error warranting a mistrial had occurred); *State v. Bush,* ___ W.Va. ___, 255 S.E.2d 539 (1979) (Court denial of motion for continuance constituted ineffective assistance where counsel only had weekend to prepare case involving possible life sentence); and, *Housden v. Leverette,* ___ W.Va. ___, 241 S.E.2d 810 (1978) (ineffective assistance where interval of one day between appointment of counsel and entry of guilty plea created a presumption of ineffective assistance that was unrebutted.)

[3] In *Cannellas v. McKenzie,* ___ W.Va. ___, 236 S.E.2d 327 (1977), we found the numerous instances of ineffective assistance prevented the petitioner from having a fair trial overall and entitled him to habeas corpus relief. In that case the most egregious error was committed by appellate counsel who failed to assign the insufficiency of evidence as error. At least one federal circuit court found

his trial strategy and tactics, we do not wish to second guess decisions made in the courtroom unless "no reasonable attorney would have so acted under the circumstances of the case." *State v. Thomas,* ___ W.Va. ___, 203 S.E.2d 445 (1974).

For the foregoing reasons, the judgment is affirmed.

*Affirmed.*

ineffective assistance from the totality of omissions and errors but in that case the following occurred: trial counsel failed to appear at arraignment; failed to conduct any *voir dire* examination of jury; failed to make any opening statement; failed to cross-examine two of the four government witnesses; failed to request any jury instructions; failed to make any pretrial motions; failed to speak to question of bond after conviction; and, failed to speak on accused's behalf at sentencing. *United States v. Hammonds,* 425 F.2d 597 (D.C. Cir. 1970).