STATE OF WEST VIRGINIA

*v.*

CLYDE JUNIOR STOUT

(No. 14757)

Decided January 15, 1982.

Dailey & Miller and Lawrance S. Miller, Jr. for appellant.

*Chauncey H. Browning*, Attorney General and *Paula Dean Maas*, Assistance Attorney General for appellee.

NEELY, JUSTICE:

The appellant, Clyde Junior Stout, was convicted in the Circuit Court of Preston County of third degree sexual assault. On the basis of the presentence report, the appellant was sentenced to confinement in the West Virginia State Penitentiary for a period of not less than one nor more than five years.

The appellant lived with a woman named Mary Cuppett and her four children for approximately one year. On 2 January 1979 the appellant and Mrs. Cuppett terminated their relationship, and the appellant left her home. That evening, Mrs. Cuppett complained to an officer of the Terra Alta Police Department that the appellant had sexually assaulted her ten-year-old daughter, Janet Leigh Kight, on 16 October 1978. A warrant for the appellant's arrest was issued on 10 January 1979; he learned of the warrant and turned himself in on 15 January 1979. Taken before a magistrate, the appellant indicated that he had counsel to represent him. The preliminary hearing was then scheduled for 13 February 1979.

On 13 February 1979 attorney Clark Frame called the magistrate's office, told them that he represented the appellant, and requested a continuance because he could not be at his client's preliminary hearing. The magistrate denied the request and proceeded with the preliminary hearing in the absence of the appellant's attorney. At the conclusion of the hearing, the magistrate found probable cause and bound the appellant over to the Grand Jury which indicted him for first, second and third degree sexual assault on 13 March 1979.

After pleading not guilty to all three counts the appellant was tried and found guilty of third degree sexual assault. The State's case consisted of testimony from the investigating officer, an examining doctor, and the victim. The defense presented only a doctor who had given the victim a quick examination and the appellant who denied everything. The sole issue on appeal is

whether holding the preliminary hearing in the absence of the appellant's attorney constituted reversible error.[1]

In West Virginia a preliminary hearing is not constitutionally required. *State ex rel. Rowe v. Ferguson,* 165 W.Va. 183, 268 S.E.2d 45 (1980). However, when a preliminary hearing is held it is regarded as a "critical stage" at which a defendant has a right to counsel under the Sixth Amendment. *Spaulding v. Warden, West Virginia State Penitentiary,* 158 W.Va. 557, 212 S.E.2d 619 (1975).

Since the appellant had a constitutional right to counsel during his preliminary hearing, holding that hearing in the absence of counsel was error. We do not, of course, pass upon the propriety of counsel's failure to appear. Under our doctrine of harmless constitutional error, the State can avoid a reversal only by a showing that the error was harmless beyond a reasonable doubt. *See State v. Boyd,* 160 W.Va. 234, 233 S.E.2d 710 (1977).

In *State v. Bradley,* 164 W.Va. 68, 260 S.E.2d 830 (1979), this Court found the failure to provide counsel at a preliminary hearing to be harmless error. The defendant had shot and killed a man with whom he had a long running feud. Since there were many witnesses to the shooting and since the defendant made a voluntary confession shortly after being arrested, the only purpose of the preliminary hearing was to inform the defendant of his rights. Using the criteria set out in *Coleman v. Alabama,* 399 U.S. 1 (1970), we found the absence of counsel to be harmless error because there was little that an attorney could have done. In *Coleman* the United States Supreme Court had noted that the advantage of having an attorney at a preliminary hearing was that the attorney could avert a finding of probable cause through cross-examination of witnesses, could preserve testimony

---

[1] There were other assignments of error, namely: an erroneous denial of a motion for change of venue, denial of reasonable time to prepare a defense, lack of evidence to support a jury instruction, erroneous denial of a motion for a mistrial, and insufficient evidence to support the verdict. However, a review of the record makes it clear that they are frivolous and consequently not fairly raised.

of witnesses who become unavailable at trial, could discover the State's case, and could present arguments for psychiatric examinations or bail. *Id.* at 9.

On the record before us there is no indication concerning what transpired at the preliminary hearing. Hence we are unable to apply the *Coleman* analysis to the facts in this case. Therefore, like the Court in *Coleman*, we must remand for further proceedings to determine whether the absence of counsel at the preliminary hearing was harmless error. By way of guidance to the lower court we note that, should it find that presence of counsel would have aided discovery, that shortcoming was corrected by the appellant's subsequent discovery motions. *See also State ex rel. Rowe v. Ferguson*, 165 W.Va. 183, 268 S.E.2d 45, 50 (1980).

We remand this case for a hearing on the limited issue concerning the preliminary hearing. Should the court find that the error was harmless, the verdict will stand; should it find that the error was not harmless, and that the disadvantage which the appellant suffered can be corrected, the appellant will be afforded a new trial. *Cf. State v. Lawson*, 165 W.Va. 119, 267 S.E.2d 438 (1980) (new trial in a statutory rape case dependent on blood tests to determine paternity of victim's child). If the error was not harmless and the disadvantage cannot be corrected by according him a preliminary hearing and a new trial the appellant shall be discharged.

*Remanded.*