310 S.E.2d 695

**STATE of West Virginia**

v.

**Clyde Junior STOUT.**

**No. 15937.**

Supreme Court of Appeals of West Virginia.

Dec. 15, 1983.

Hugh Rogers, Jr., Kerens, for appellant.

Chauncey H. Browning, Atty. Gen., and John E. Shank, Asst. Atty. Gen., Charleston, for appellee.

McHUGH, Justice:

In April, 1979, the appellant, Clyde Junior Stout, was convicted in the Circuit Court of Preston County, West Virginia, of the felony offense of sexual assault in the third degree and was sentenced to the penitentiary for a term of not less than one nor more than five years.[1] In *State v. Stout*, 169 W.Va. 90, 285 S.E.2d 892 (1982), we remanded the case to the circuit court for a hearing upon the question of whether the holding of the appellant's preliminary hearing in the absence of the appellant's attorney constituted harmless error. It was determined in circuit court upon remand that the error was harmless, and the appellant appeals to this Court. This Court has before it the petition for appeal, concerning the harmless error question, all matters of record and the briefs and argument of counsel.

The facts in this case were fully set forth in *State v. Stout, supra*. Briefly stated, the appellant allegedly sexually assaulted Janet Kight in October, 1978, in Preston County. At that time, the appellant was 31 years old, and Janet Kight was ten years old. The appellant had been living with Mary Cuppett, the mother of Janet Kight. The appellant was arrested and retained an attorney. On February 13, 1979, the appellant's preliminary hearing was held in his attorney's absence. The appellant was indicted in March, 1979. He was convicted by a jury on April 3, 1979, of sexual assault in the third degree.[2]

The appellant appealed to this Court, and, as indicated above, the circuit court upon remand determined that the holding of the appellant's preliminary hearing in the absence of the appellant's attorney constituted harmless error. It is from that determination that the appellant appeals to this Court.

I

In September, 1982, the Circuit Court of Preston County, upon remand, conducted a hearing concerning the appellant's February 13, 1979, preliminary hearing. Testimony at the preliminary hearing had not been recorded by a court reporter. During the remand hearing, six witnesses were called in an effort to reconstruct what had occurred at that preliminary hearing.

The persons who testified at the remand hearing were as follows: (1) Howard Nordeck, the Preston County magistrate who conducted the appellant's preliminary hearing, (2) Clark Frame, the appellant's attorney, (3) Joseph Stiles, Chief of Police of Terra Alta, Preston County, West Virginia, (4) Jeffrey Swiger, a member of the West Virginia Department of Public Safety, (5) Fred Stout, the appellant's father, and (6) the appellant. The testimony of those witnesses was in conflict as to who testified at the preliminary hearing and whether the appellant questioned any witnesses at the preliminary hearing. Furthermore, the testimony was conflicting as to whether the appellant or his attorney sought a continuance of the preliminary hearing.[3] More-

---

1. *W.Va.Code*, 61-8B-5 [1976], provides, in part, as follows: "(a) A person is guilty of sexual assault in the third degree when: ... (2) Being sixteen years old or more, he engages in sexual intercourse with another person who: (i) Is incapable of consent because he is less than sixteen years old; and (ii) Is at least four years younger than the defendant."

2. On April 15, 1980, the appellant was convicted of the offense of burglary in a case not related to the sexual assault conviction before this Court. The appellant was sentenced upon the burglary conviction to the penitentiary for a term of not less than one or more than fifteen years.

3. The persons who testified at the remand hearing are in agreement that the appellant did not testify at the preliminary hearing but that Janet Kight and Joseph Stiles did testify at the preliminary hearing. There is a conflict, however, as to whether Mary Cuppett, Janet Kight's mother, testified at the preliminary hearing. Nordeck and Stiles, for example, indicated that Mary Cuppett testified at that hearing, and the appellant and his father indicated that she did not testify. There is also a conflict as to whether Jeffrey Swiger testified at the preliminary hearing.

Furthermore, Nordeck stated at the remand hearing that the appellant did not question any witnesses at the preliminary hearing. Other witnesses, however, stated that the appellant asked Stiles a few questions at the preliminary hearing.

At the remand hearing, Nordeck, Stiles and Swiger indicated that the appellant, absent his

over, the substance of the testimony elicited at the preliminary hearing was not discussed at the remand hearing, other than by way of statements to the effect that the testimony at the preliminary hearing was generally consistent with the State's testimony at trial.

Based upon the remand hearing, the circuit court determined that the holding of the appellant's preliminary hearing in the absence of the appellant's attorney was error but that such error was harmless beyond a reasonable doubt. We disagree.

## II

This Court has held that the "[f]ailure to observe a constitutional right constitutes reversible error unless it can be shown that the error was harmless beyond a reasonable doubt." Syl. pt. 5, *State ex rel. Grob v. Blair*, 158 W.Va. 647, 214 S.E.2d 330 (1975). *See also* Syl. pt. 5, *State v. Boyd*, 160 W.Va. 234, 233 S.E.2d 710 (1977). That rule has been applied with respect to the right of a criminal defendant to have counsel at a preliminary hearing.[4]

In *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), the Supreme Court of the United States noted that, in Alabama, inasmuch as the State could have sought an indictment directly from a grand jury without a preliminary hearing, such a hearing was not a required step in the prosecution of the defendants. However, in *Coleman,* the defendants, indigents without counsel, were given a preliminary hearing and were later convicted of assault with intent to murder. The Court held that the preliminary hearing was a "critical stage" in the prosecution of the defendants and that the absence of counsel at that hearing was error. The case was remanded for a determination of whether the denial of counsel at the defendants' preliminary hearing was harmless error.

Justice Brennan writing for the majority in *Coleman* set forth four reasons for the necessity of defense counsel at preliminary hearings:

> Plainly the guiding hand of counsel at the preliminary hearing is essential to protect the indigent accused against an erroneous or improper prosecution. First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's wit-

---

attorney, did not object to the holding of the preliminary hearing. Nor did the appellant seek a continuance of that hearing. The appellant, however, testified at the remand hearing that he sought a continuance of the preliminary hearing because he was not competent to proceed with that hearing without an attorney. Furthermore, the record is unclear as to whether Clark Frame, the appellant's attorney, sought a continuance of the preliminary hearing.

The circuit court concluded that it was error for the appellant "not to have counsel present at the preliminary hearing, but that such error was harmless error beyond a reasonable doubt...." *See* order, entered October 20, 1982, Circuit Court of Preston County.

4. Preliminary hearings conducted in this State are subject to the provisions of *W.Va.Code,* 62–1–8 [1965]. That statute provides as follows:

If the offense is to be presented for indictment, the preliminary examination shall be conducted by a justice [now "magistrate"] of the county in which the offense was committed within a reasonable time after the defendant is arrested, unless the defendant waives examination. The defendant shall not be called upon to plead. Witnesses shall be examined and evidence introduced for the State under the rules of evidence prevailing in criminal trials generally. The defendant or his attorney may cross-examine witnesses against him and may introduce evidence in his own behalf. On motion of either the State or the defendant, witnesses shall be separated and not permitted in the hearing room except when called to testify. If the defendant waives preliminary examination or if, after hearing, it appears from the evidence that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the justice shall forthwith hold him to answer in the court having jurisdiction to try criminal cases. If the evidence does not establish probable cause, the defendant shall be discharged. After concluding the proceeding the justice shall transmit forthwith to the clerk of the court to which the defendant is held to answer all papers in the proceeding and any bail taken by him.

*See also W.Va.R.Crim.P.* 5.1.

nesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail.

399 U.S. at 9, 90 S.Ct. at 2003, 26 L.Ed.2d at 397.[5]

■ As we noted in *State v. Stout, supra,* this Court, consistent with the holding in *Coleman,* has held that:

A preliminary hearing, when accorded an accused by a justice of the peace [now "magistrate"] pursuant to Code, 1931, 62–1–8, as amended, is a critical stage in a criminal proceeding to which the right to counsel, guaranteed by the Sixth Amendment to the Constitution of the United States, attaches, and a denial of counsel in those circumstances constitutes error for which a defendant is entitled to relief, unless it is clear beyond a reasonable doubt that the denial of counsel was harmless error.

Syl. pt. 3, *Spaulding v. Warden, West Virginia State Penitentiary,* 158 W.Va. 557, 212 S.E.2d 619 (1975).[6] *See also State v. Bradley,* 164 W.Va. 68, 260 S.E.2d 830, 832 (1979). In *State v. Stout, Spaulding* and *State v. Bradley,* the four reasons or criteria enumerated above of *Coleman* with respect to the requirement of defense counsel at preliminary hearings are cited.

In *State v. Bradley,* this Court held that the holding of a preliminary hearing in a case where the defendant was not represented by counsel constituted harmless error. Referring to the four reasons enumerated in *Coleman* for the necessity of defense counsel at preliminary hearings, this Court in *State v. Bradley* determined that those reasons were not dispositive with respect to the preliminary hearing in question. This Court stated as follows:

None of ... [the *Coleman* ] criteria applies in this instance because the sole purpose of the hearing was to inform the defendant of his rights and to inform him that the bond would be set by the criminal court judge. No witnesses were present who should have been subject to cross-examination, no presentation of the State's case was made, and no discussion of psychiatric examination was made before or after the trial. Under these circumstances it is manifest that the lack of counsel constituted harmless error beyond a reasonable doubt.

164 W.Va. at ——, 260 S.E.2d at 832.

■ Obviously the facts in *Bradley* are significantly dissimilar from the facts in the case before this Court. Unlike *Bradley,* witnesses in this case, including the victim, testified on behalf of the State at the preliminary hearing. The appellant's attorney was unable to attend that hearing, and the magistrate nevertheless conducted the hearing in that attorney's absence. As we indicated in *State v. Stout, supra,* the holding of that hearing in the absence of defense counsel constituted error. Upon a review of the record, it is not manifest that the lack of defense counsel at the preliminary hearing was harmless error beyond a reasonable doubt.[7]

---

**5.** It should be noted that Justice Harlan, concurring in part and dissenting in part in *Coleman, supra,* stated as follows: "In my opinion mere speculation that defense counsel might have been able to do better at trial had he been present at the preliminary hearing should not suffice to vitiate a conviction." 399 U.S. at 20–21, 90 S.Ct. at 2009, 26 L.Ed.2d at 403.

For further information concerning *Coleman v. Alabama,* see 1 *ABA Standards for Criminal Justice*—standard 5–5.1. and commentary (2nd ed. 1980); C. Whitebread, *Criminal Procedure—An Analysis of Constitutional Cases and Concepts*

§ 25.03 (1980); 1 C. Torcia, *Wharton's Criminal Procedure* § 145 (12th ed. 1974).

**6.** In *State ex rel. White v. Mohn,* 168 W.Va. 211, 283 S.E.2d 914, 916 (1981), certain language found in the *Spaulding* opinion which followed *State v. Fortner,* 150 W.Va. 571, 148 S.E.2d 669 (1966), was overruled. That language is not related to this action.

**7.** In *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), the Supreme Court of the United States held that the state failed to

The resolution of this case at trial by the jury rested largely upon the testimony of Janet Kight, the victim, versus the testimony of the appellant. Janet Kight's mother, Mary Cuppett, did not testify. The medical testimony introduced at trial somewhat favored the State's case but was for the most part inconclusive. The appellant was convicted. At the remand hearing, the appellant's attorney asserted that had defense counsel been present at the appellant's preliminary hearing, Janet Kight and her mother, Mary Cuppett, could have been carefully and thoroughly cross-examined under oath and that such cross-examination could have ultimately benefited the appellant at trial.[8] We find merit in that assertion.

The second reason or criteria set forth in *Coleman v. Alabama, supra,* for the requirement of defense counsel at preliminary hearings is relevant to this case.[9] That reason concerns the interrogation of witnesses at the preliminary hearing by defense counsel for purposes of impeachment at trial or for the preservation of testimony. This case involves the alleged sexual assault of a young child, and the testimony elicited on behalf of the State at the appellant's preliminary hearing was, as the record indicates, comparable to the testimony elicited on behalf of the State at the appellant's trial. The appellant lost an important opportunity to effectively interrogate witnesses under oath prior to trial, at least with respect to impeachment, because his preliminary hearing was held in the absence of defense counsel. Furthermore, the record contains evidence to the effect that Mary Cuppett, the victim's mother, testified at the preliminary hearing. The appellant, absent counsel, lost an opportunity at that hearing to discern her knowledge of the case. Mary Cuppett did not testify at trial.

At the conclusion of the remand hearing, the trial court found harmless error. However, based upon the evidence in the record and the requirement, discussed above, that the error must be deemed harmless "beyond a reasonable doubt," we hold that, under the circumstances of this case, the

demonstrate beyond a reasonable doubt that comments and an instruction to the jury, concerning the defendants' failure to testify, constituted harmless error. The defendants in *Chapman* were charged in California with the robbery, kidnapping and murder of a bartender and were convicted. In awarding the defendants a new trial, the court stated that "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." 386 U.S. at 24, 87 S.Ct. at 828, 17 L.Ed.2d at 710–711.

8. At the September, 1982, remand hearing the appellant's attorney testified as follows concerning the cross-examination he may have conducted of Janet Kight had he been present at the preliminary hearing:

The nature of the offense was such that in any sexual offense case against a small girl or a small child, boy or girl, is such that it arouses the natural feelings of a jury. At the trial I didn't—I felt that it would be extremely harmful to conduct a long searching cross-examination of the girl. * * * If there had been an opportunity at a preliminary hearing to in a very quiet way take a fairly extensive detailed thorough questioning of that young girl as to more questions, as to when the event happened, what other incidents, if any, occurred, what was said, where it happened, how many times it happened, on and on, then

I would have—I think any defense attorney at the time of trial would have been probably in a much better position to conduct an effective cross-examination.

Hearing—Circuit Court of Preston County—September 11 and 16, 1982, at 39–40.

9. It should be noted that of the four reasons or criteria of *Coleman* for the necessity of defense counsel at preliminary hearings, this Court, for purposes of this opinion, need not consider reason number one, relating to binding the accused over to the grand jury, reason number three, relating to discovery of the State's case, and reason number four, relating to psychiatric examinations and the setting of bail. The able trial judge at the remand hearing made a thorough and effective analysis of the *Coleman* decision, and we agree with his conclusions that those particular reasons or criteria are not relevant to this appeal.

With respect to the question of discovery, this Court in *State v. Stout, supra,* stated as follows: "By way of guidance to the lower court we note that, should it find that presence of counsel would have aided discovery, that shortcoming was corrected by the appellant's subsequent discovery motions." 169 W.Va. at ——, 285 S.E.2d at 894. The record indicates that during the period in question the circuit court had a "general order of disclosure" pursuant to which discovery of the state's case in criminal matters was facilitated.

absence of defense counsel at the appellant's preliminary hearing was not harmless error.

In so holding, we reject the assertion of the State that, inasmuch as defense counsel could have conducted an informal interview of the victim and her mother prior to trial, the absence of defense counsel at the preliminary hearing was harmless error. The record in this case indicates that such an interview would have constituted an inadequate substitute for the productive role defense counsel could have played at the preliminary hearing while those witnesses, and others, were under oath.

For the above stated reasons, the conviction of the appellant of sexual assault in the third degree is reversed, and the appellant is hereby awarded a new trial. This case is therefore remanded to the Circuit Court of Preston County for proceedings consistent with this opinion.

Reversed and remanded.