STATE *ex rel.* WALLACE H. WILHELM

*v.*

WILLIAM WHYTE, *Warden,*

HUTTONSVILLE CORRECTIONAL CENTER

(No. 14581)

Decided July 8, 1980.

*Dailey & Miller and Lawrence S. Miller, Junior,* for plaintiff-in-error.

*Chauncey H. Browning,* Attorney General, *Gregory W. Bailey,* Assistant Attorney General, for defendant-in-error.

PER CURIAM:

This is an appeal brought by Wallace H. Wilhelm from an order of the Circuit Court of Preston County denying him habeas corpus relief. In the habeas corpus proceeding Mr. Wilhelm contended that, under our ruling in *State v. Pendry,* 159 W.Va. 738, 227 S.E.2d 210 (1976), he was entitled to release from custody on the ground that an instruction given during his murder trial unconstitutionally shifted the burden of proof from the State to him. The circuit court held that the giving of the instruction was error, but concluded that it was harmless error. After examining the question we hold that it was prejudicial error, and we reverse the decision of the circuit court.

We have previously discussed certain evidence adduced at the appellant's murder trial. *See, Wilhelm v. Whyte,* 161 W.Va. 67, 239 S.E.2d 735 (1977). Briefly the evidence showed that after spending a considerable time drinking with the victim, Virginia Downs, during the early morning hours of November 2, 1974, the appellant went to sleep in the mobile home where he and Ms. Downs lived. While he was asleep, several of Ms. Downs' friends entered and awakened the appellant with threats and abusive language. The appellant picked up a

shotgun and attempted to chase them away by firing several warning shots. Upon entering the kitchen, he saw the victim coming at him with a knife; he thereupon shot her.

After the presentation of evidence, the trial court gave a charge which properly instructed the jury on the elements of first and second degree murder. Then the court said:

> "Evidence has been introduced in this case concerning the use of a deadly weapon, namely a shotgun, as the weapon used in the killing of Virginia Downs. Under the law, a person is presumed to intend that which he or she does, or which is the immediate or necessary consequence of his or her act. Therefore, if the jury believe from the evidence in this case beyond a reasonable doubt that the defendant, Wallace H. Wilhelm, with a deadly weapon in his possession without any or upon very slight provocation, gave to Virginia Downs a mortal wound, then the defendant, Wallace H. Wilhelm, is prima facie guilty of wilful, malicious, deliberate and premeditated killing, and the burden rests upon Wallace H. Wilhelm of showing extenuating circumstances, and unless he proves such extenuating circumstances, or the circumstances appear from the case made by the State, then you should find Wallace H. Wilhelm guilty of murder in the first degree."

Subsequent to the appellant's trial and conviction we announced our decision in *State v. Pendry, supra.* That decision was made fully retroactive in *Jones v. Warden, West Virginia Penitentiary,* ___ `W.Va. ___, 241 S.E.2d 914, cert. denied, 439 U.S. 830, 58 L.Ed.2d 125, 99 S.Ct. 107 (1978), as a result of the decision of the United States Supreme Court in *Hankerson v. North Carolina,* 432 U.S. 233, 53 L.Ed.2d 306, 97 S.Ct. 2339 (1977).[1]

---

[1] The circuit court correctly recognized that the appellant, Mr. Wilhelm, was entitled to raise the *Pendry* question in a habeas corpus proceeding since at the time of his original appeal *Hankerson* and *Jones* had not been decided.

In Syllabus Point 4 of *State v. Pendry, supra,* we said:

> "In a criminal prosecution, the State is required to prove beyond a reasonable doubt every material element of the crime with which the defendant is charged, and it is error for the court to instruct the jury in such a manner as to require it to accept a presumption as proof beyond a reasonable doubt of any material element of the crime with which the defendant is charged or as requiring the defendant either to introduce evidence to rebut the presumption or to carry the burden of proving the contrary."

Relying upon *Mullaney v. Wilbur,* 421 U.S. 684, 44 L.Ed.2d 508, 95 S.Ct. 1881 (1965), we concluded that the giving of the prescribed instruction was an error of constitutional magnitude. In the later case of *State v. Kirtley,* ____ W.Va. ____, 252 S.E.2d 374 (1979), we determined that the test of "harmless constitutional error" rather than simple "harmless error" must be applied to determine whether a *Mullaney-Pendry* instruction fatally affected a jury verdict. In *Angel v. Mohn,* ____ W. Va. ____, 253 S.E.2d 63 (1979), we said that error is "harmless constitutional error" only when it can be stated beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. *See, Chapman v. California,* 386 U.S. 18, 87 S.Ct. 844, 17 L.Ed.2d 705 (1967).

The judge who presided over the appellant's habeas corpus proceeding correctly found that the instruction in the case before us was erroneous under *Pendry* in that it unconstitutionally shifted the burden of proof from the State to the defendant. However, the court then concluded that:

> "[T]he petitioner was convicted of murder in the second degree and the instruction complained of by the petitioner was limited specifically and solely to the elements of first degree murder. Thus, the jurors obviously rejected this intruction, as evidenced by their verdict of second degree murder. Consequently, the petitioner was not prejudiced by the giving of this instruc-

tion and his conviction should not be vacated as a result thereof."

However, the portion of the charge which is attacked related not only to a presumption of intent but also to one of malice which is an essential element of the crime of both first and second degree murder.[2] This particular portion of the charge followed a section outlining the elements of first and second degree murder. It is, therefore, clearly possible that the jury could have concluded that malice could be presumed either for the purpose of establishing first degree or second degree murder even though the presumption paragraph ended with first degree language.

Difficulty arises from the use of this portion of the charge because it is the only portion which deals with the presumption of malice from the use of a deadly weapon. Because malice is an essential element of second degree murder, which was the jury's verdict, it is not possible to say beyond a reasonable doubt that the jury was not influenced by this language. In *Angel v. Mohn, supra,* in discussing the doctrine of "harmless constitutional error" in this same context, we said:

> "Obviously, an instructional error which unconstitutionally shifts the burden of proof of an essential element of the crime to the defendant, causing a serious question about the accuracy of the guilty verdict, is not an error that did not contribute to the guilty verdict. The *Mullaney-Hankerson* instructional error defined by its own terms precludes the application of the doctrine of harmless error." *Angel v. Mohn, supra,* at 66.

---

[2] This portion of the court's charge was:

". . . if the jury believe from the evidence beyond a reasonable doubt that the defendant, Wallace H. Wilhelm, with a deadly weapon in his possession without any or upon very slight provocation, gave to Virginia Downs a mortal wound, the defendant, Wallace H. Wilhelm, is prima facie guilty of wilful, *malicious,* deliberate and premeditated killing, and the burden rests upon Wallace H. Wilhelm of showing extenuating circumstances, . . . ." [Emphasis added].

The present case differs from the holdings in *State v. Kirtley, supra,* and *State v. Mason,* ____ W.Va. ____, 249 S.E.2d 793 (1978), where we found that *Pendry*-type instructions did not constitute "harmless constitutional error" because the jury verdicts in those cases did not involve findings of malice. In *Kirtley* the jury returned an involuntary manslaughter verdict, and in *Mason* a voluntary manslaughter conviction. In both instances *Pendry* instructions had been given, but the jury's verdicts clearly insulated the error since they did not involve convictions which required findings of malice.

Accordingly, the judgment of the Circuit Court of Preston County is reversed, and this case is remanded.

*Reversed and remanded.*