330 S.E.2d 859

**William Ray MAXEY**

v.

**Donald E. BORDENKIRCHER, Warden, West Virginia State Penitentiary.**

**No. 16092.**

Supreme Court of Appeals of West Virginia.

Submitted April 30, 1985.

Decided June 3, 1985.

Richard E. Rowe and Lucinda C. Masterton, Charleston, for appellant.

Janet Frye Steele, Asst. Atty. Gen., Charleston, for appellee.

McGRAW, Justice:

The appellant, William Ray Maxey, appeals from an order of the Circuit Court of Marshall County denying his petition for writ of habeas corpus seeking retrospective application of our holding in *State v. Jackson*, 171 W.Va. 329, 298 S.E.2d 866, 871 (1982), that a court-appointed psychiatrist's testimony with respect to self-incriminating statements made by an accused during the course of his or her examination violates the accused's privilege against self-incrimination. Our conclusion, however, that any error resulting from the introduction of such statements made by the appellant during the course of his court-ordered psychiatric examination was harmless beyond a reasonable doubt renders unnecessary an analysis of the issue of retroactivity.

The circumstances that led to the appellant's arrest and conviction are uncontroverted. On June 13, 1978, the appellant seized the two-year-old daughter of his girlfriend from her home, transported her to a remote area in an adjoining county, sexually molested her, and returned her near her home where she was found by her mother and grandparents. On June 15, 1978, the appellant confessed to the entire episode, but although he plead guilty to first degree sexual abuse, for which he received a one to five year prison term, he plead not guilty by reason of insanity to a charge of kidnapping.

After the appellant's plea of not guilty by reason of insanity, the trial court ordered his examination by a state psychiatrist. His motion to suppress incriminating statements made during the course of this examination was denied, and the statements recounted by the psychiatrist at trial. On February 22, 1979, the appellant was found guilty of kidnapping with a recommendation of mercy, and was sentenced to life in prison with a possibility of parole in ten years. On September 16, 1980, the appellant's petition for appeal, challenging, *inter alia*, the introduction of the self-incrimination statements made during the course of the court-ordered psychiatric examination, was denied. Later, on April 22, 1982, a petition for appeal from the denial of a petition for writ of habeas corpus by the Circuit Court of Monongalia County raising this issue was again denied.

On December 15, 1982, this court held in *State v. Jackson*, 171 W.Va. at 334, 298 S.E.2d at 871, that, "A psychiatrist can testify to the bases of his medical opinion, *State v. Rhodes*, 166 W.Va. 402, 274 S.E.2d 920 (1981), but without reference to a defendant's specific statements about his criminal offense." This proposition, consistent with both Rule 12.2(c) of the Federal Rules of Criminal Procedure, in effect at the time of Jackson's conviction, and Rule 12.2(c) of the West Virginia Rules of Criminal Procedure, in effect shortly after Jackson's conviction, formed the basis for our imposition of two procedural safeguards

designed to protect an accused's constitutional right to counsel and privilege against self-incrimination:

> Protection of a defendant's constitutional privilege against self-incrimination and right to assistance of counsel at pre-trial court-ordered psychiatric examinations, requires that a tape-recording of the entire interview be given to his and the government's lawyer, and an *in camera* suppression hearing be held to guarantee that the court-ordered psychiatrist's testimony will not contain any incriminating statements.

Syl. pt. 2, *State v. Jackson, supra.*

■ Given the foregoing recognition of the fifth and sixth amendment implications of the admission of self-incriminating statements made during the course of a court-ordered psychiatric examination, any error in this regard would be of a constitutional dimension. With respect to the doctrine of harmless constitutional error, the standard is clear: "Failure to observe a constitutional right constitutes reversible error unless it can be shown that the error was harmless beyond a reasonable doubt." Syl. pt. 5, *State ex rel. Grob v. Blair,* 158 W.Va. 647, 214 S.E.2d 330 (1975); *see also Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 710 (1967); *State v. Stout,* 172 W.Va. 763, 310 S.E.2d 695, 697 (1983); Syl. pt. 3, *State v. Sheppard,* 172 W.Va. 656, 310 S.E.2d 173 (1983); *State v. Clawson,* 165 W.Va. 588, 270 S.E.2d 659, 671 n. 8 (1980); *State v. Vance,* 164 W.Va. 216, 262 S.E.2d 423, 431 (1980); *Angel v. Mohn,* 162 W.Va. 795, 796, 253 S.E.2d 63, 65 (1979); *Thomas v. Leverette,* 161 W.Va. 224, 226, 239 S.E.2d 500, 502 (1977); Syl. pt. 5, *State v. Boyd,* 160 W.Va. 234, 233 S.E.2d 710 (1977); *State v. Britton,* 157 W.Va. 711, 718, 203 S.E.2d 462, 467 (1974). Furthermore, as this Court held in Syllabus Point 20 of *State v. Thomas,* 157 W.Va. 640, 203 S.E.2d 445 (1974), "Errors involving deprivation of constitutional rights will be regarded as harmless only if there is no reasonable possibility that the violation contributed to the conviction." *See also Fahy v. Connecticut,* 375 U.S. 85, 86–87, 84 S.Ct. 229, 230, 11 L.Ed.2d 171, 173 (1963); *State v. Clark,* 170 W.Va. 224, 292 S.E.2d 643, 648 (1982); *State v. Key,* 166 W.Va. 505, 275 S.E.2d 924, 927 (1981); *State v. Butcher,* 165 W.Va. 522, 270 S.E.2d 156, 160 (1980); *State ex rel. Wilhelm v. Whyte,* 165 W.Va. 259, 267 S.E.2d 554, 556 (1980); Syl. pt. 3, *State v. Bradley,* 164 W.Va. 68, 260 S.E.2d 830 (1979); *Angel v. Mohn,* 162 W.Va. at 797–98, 253 S.E.2d at 66; *State v. Kirtley,* 162 W.Va. 249, 256, 252 S.E.2d 374, 378 (1978); *State v. Mason,* 162 W.Va. 297, 306, 249 S.E.2d 793, 799 (1978); *State ex rel. v. Blair,* 158 W.Va. at 659, 214 S.E.2d at 337 (1975); Syl. pt. 7, *State v. Britton, supra.*

■ Unquestionably, the erroneous admission of self-incrimination statements obtained from a criminal defendant in violation of his or her constitutional rights may nevertheless be rendered harmless in certain limited circumstances. For example, in *Milton v. Wainwright,* 407 U.S. 371, 377–78, 92 S.Ct. 2174, 2178, 33 L.Ed.2d 1, 6–7 (1972), the United States Supreme Court rejected a challenge to the defendant's conviction based upon the introduction of a post-indictment, pre-trial confession made to a police officer posing as a fellow prisoner, holding that, even assuming its constitutional inadmissibility, its introduction was rendered harmless in light of the overwhelming evidence of the defendant's guilt, including no less than three full pre-indictment confessions and other damaging testimony. Later, a unanimous Court applied the doctrine of harmless constitutional error to improperly admitted confessions in *Brown v. United States,* 411 U.S. 223, 231, 93 S.Ct. 1565, 1570, 36 L.Ed.2d 208, 215 (1973), holding that they were "merely cumulative of other overwhelming and largely uncontroverted evidence properly before the jury." Similarly, this Court, in *State v. Bradley,* 164 W.Va. at 71, 260 S.E.2d at 832, although recognizing that it was constitutional error to admit a statement made by the defendant at a preliminary hearing at which his counsel was not present, nevertheless held such error to be harmless where a separate confession was properly admitted which contained the same information as did his statement at the preliminary hearing.

In the instant case, the appellant had voluntarily confessed to the entire episode and had entered a plea of guilty to first

degree sexual abuse long before his court-ordered psychiatric examination. His detailed confession, along with a letter he had written to the victim's mother stating that he was sorry for what he had done and that he wished for her forgiveness, were properly admitted into evidence at trial. In fact, when shown a copy of his confession at trial by his attorney, the appellant testified, "There is no doubt about that, It's all true." In addition, the victim's relatives and treating physicians testified to the physical manifestations of the molestation.

 Although the state psychiatrist testified concerning self-incriminating statements made by the appellant with respect to other instances of abuse directed toward the victim in the months preceding the episode for which he was convicted, he failed to raise any objection to this testimony at trial. As this Court held in Syllabus Point 10 of *State v. Bragg*, 140 W.Va. 585, 87 S.E.2d 689 (1955), "An error in the admission of evidence not objected to by the defendant is deemed waived by him." *See also* Syl. pt. 2, *State v. Mahramus,* 157 W.Va. 175, 200 S.E.2d 357 (1973); Syl. pt. 4, *State v. Michael,* 141 W.Va. 1, 87 S.E.2d 595 (1955); *State v. Mayle,* 136 W.Va. 936, 942, 69 S.E.2d 212, 215 (1952); Syl. pt. 4, *State v. Files,* 125 W.Va. 243, 24 S.E.2d 233 (1943). Therefore, "[o]rdinarily, evidentiary objections of a nonconstitutional nature not shown to have been made in the trial court cannot be considered on appeal. *State v. Burton,* [163] W.Va. [40], 254 S.E.2d 129 (1979); *State v. Thomas,* 157 W.Va. 640, 203 S.E.2d 445 (1974); *State v. Knotts,* 156 W.Va. 748, 197 S.E.2d 93 (1973)." *State v. Craft,* 165 W.Va. 741, 272 S.E.2d 46, 56 (1980); *see also State v. Clawson,* 165 W.Va. at 619, 270 S.E.2d at 677, and cases cited therein; Syl. pt. 7, *State v. Driver,* 88 W.Va. 479, 107 S.E. 189 (1921). Thus, even though testimony with respect to other acts of criminal or other misconduct may have been inadmissible, the appellant's failure to preserve this potential error excludes it from consideration in analyzing the issue of harmless error.

In light of the overwhelming evidence of the appellant's guilt, it is manifest that any harm caused by the admission of psychiatric testimony recounting incriminating statements made during the course of his examination was insignificant beyond a reasonable doubt. There was no reasonable possibility, in light of this evidence, that such admission actually contributed to his conviction. Accordingly, we affirm the judgment of the circuit court.

Affirmed.