363 S.E.2d 467

**STATE of West Virginia**

v.

**Reuben DEAN.**

**No. 17357.**

Supreme Court of Appeals of West Virginia.

Nov. 17, 1987.

582

Robyn Ruttenberg, Wheeling, for Reuben Dean.

David W. Johnson, Asst. Atty. Gen., for State.

PER CURIAM:

This is an appeal by the appellant, Reuben Dean, from his conviction in the Circuit Court of Ohio County of the crime of arson of the second degree. The appellant contends that the trial court erred in allowing the State to introduce into evidence a tape-recorded confession and to elicit testimony concerning another extrajudicial statement which had been previously ruled inadmissible. The appellant also contends that the

evidence was insufficient to support his conviction. We find no reversible error, and we affirm the judgment of the trial court.

On April 28, 1985, Pete Viola, an arson investigator for the Wheeling Fire Department, was dispatched to investigate a fire in the appellant's room at the YMCA. Mr. Viola interviewed the appellant at Ohio Valley Medical Center, where he had been hospitalized for smoke inhalation, and learned that the appellant was depressed and contemplating suicide. Mr. Viola agreed to help the appellant get psychiatric treatment at the Northern Panhandle Mental Health Center and subsequently made inquiries in this regard on the appellant's behalf.

On May 3, 1985, Mr. Viola learned that the appellant had been released from the hospital without contacting him or the Mental Health Center. Mr. Viola sought out the appellant at the home of a friend and discussed with him his need for professional treatment. As a result of this conversation, the appellant agreed to accompany Mr. Viola to the Mental Health Center.

Upon arriving at the Mental Health Center, however, the appellant admitted to Mr. Viola that he had been involved in several other fires in the Wheeling area, including a May 20, 1984 fire at the Wheeling Corrugating Plant. Mr. Viola informed the appellant that criminal charges could be brought against him and that there was a possibility he would not be receiving psychiatric treatment as a result of this admission. The two men left the Mental Health Center before the appellant received any treatment and drove to fire department headquarters for the purpose of allowing the appellant to make a statement.

At fire department headquarters, Mr. Viola telephoned the city police, who dispatched two detectives. The appellant was then taken to police headquarters, where he was advised of the *Miranda* warnings [1] and of his right to leave without giving a statement. The appellant executed a written waiver of his rights and gave a detailed

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

confession in which he admitted assisting another individual in setting the Wheeling Corrugating Plant fire. This statement was tape recorded in the presence of Mr. Viola.

The appellant was then questioned by Mr. Viola and another fireman and accompanied them to the scene of the fire to give additional details. Following the visit to the scene, arrest warrants were obtained, and the appellant was taken before a magistrate. Counsel was appointed to represent the appellant, who was subsequently indicted on a charge of arson of the second degree in relation to the Wheeling Corrugating Plant fire.

Prior to trial, the appellant moved to suppress all of his extrajudicial statements on the ground that they were not voluntary. Suppression hearings were conducted on July 23, 1985 and August 22, 1985. At the conclusion of the testimony, the trial court ruled that the appellant's initial statement at the Mental Health Center was inadmissible because it was induced by Mr. Viola's promises to assist him in getting psychiatric treatment. The court further ruled that the statements made to the firemen following the taped confession were inadmissible because the police had probable cause at that time to arrest the appellant and had failed to take him before a magistrate as required by W.Va.Code § 62-1-5 (1984 Replacement Vol.). The court also found, however, that the tape-recorded confession was voluntarily made by the appellant with full knowledge of his constitutional rights and was, therefore, admissible.

Trial commenced in the Circuit Court of Ohio County on August 26, 1985. The following day, the jury returned a verdict finding the appellant guilty of second-degree arson. The State subsequently filed an information charging the appellant with recidivism, in that he had previously been convicted of the offense of arson of the first degree, a felony. By order entered November 7, 1985, the appellant was sentenced to imprisonment for not less than one nor more than ten years upon the arson conviction and to an additional five years' imprisonment on the recidivist charge. It is from this order that the appellant prosecutes this appeal.

■ The appellant's principal contention on appeal is that the trial court erred in allowing the State to introduce into evidence the tape-recorded confession. The appellant contends that this statement was the product of his earlier, inadmissible statement to Mr. Viola and that it should therefore have been excluded at trial.

The general rule regarding the admissibility of confessions is that "[t]he State must prove, at least by a preponderance of the evidence, that confessions or statements of an accused which amount to admissions of part or all of an offense were voluntary before such may be admitted into the evidence of a criminal case." Syllabus point 5, *State v. Starr*, 158 W.Va. 905, 216 S.E.2d 242 (1975). " 'When the representations of one in authority are calculated to foment hope or despair in the mind of the accused to any material degree, and a confession ensues, it cannot be deemed voluntary.' Syllabus, *State v. Parsons*, 108 W.Va. 705, 152 S.E. 745 (1930)." Syllabus point 7, *State v. Persinger*, 169 W.Va. 121, 286 S.E.2d 261 (1982). When a confession is given under circumstances which render it involuntary, and therefore inadmissible, and the accused subsequently makes another incriminating statement,

> there is a presumption that the second and each succeeding confession are the product of the first. The prosecution has the burden of showing by clear and substantial proof that the second and each subsequent confession was made when the mind of the accused was free from the influence which induced the prior confessions. Absent such showing all successive extrajudicial confessions must be excluded. *Bunting v. Commonwealth*, 208 Va. 309, 157 S.E.2d 204 (1967); *People v. Johnson*, 70 Cal.2d 541, 75 Cal.Rptr. 401, 450 P.2d 865, *cert. denied*, 395 U.S. 969, 89 S.Ct. 2120, 23 L.Ed.2d 758 (1969); 7 M.J. *Evidence* § 228 (1976); 29 Am.Jur.2d *Evidence* § 537 (1967).

*State v. Williams,* 162 W.Va. 309, 317–318, 249 S.E.2d 758, 764 (1978).

The appellant contends that the causal link between the two incriminating statements is evidenced by the fact that he was continuously in the custody of Mr. Viola, the officer who offered the impermissible inducement, or of other persons in authority. The appellant further asserts he was suffering from a defective mental condition at the time he made the statements and notes that he was interrogated without an attorney being present. The appellant contends that these facts show that the tape-recorded confession was, in fact, only a continuation of his initial involuntary admission to Mr. Viola and a result of the same improper influences.

Certainly, the factors enumerated by the appellant are matters to be considered in determining whether, under the totality of the circumstances, the subsequent confession was, in fact, the product of the initial statement. *State v. Williams,* 171 W.Va. 556, 301 S.E.2d 187 (1983). There are, however, other factors which indicate that the second confession was not the result of the impermissible inducement which rendered the initial admission involuntary. It is uncontested, for example, that once the appellant admitted involvement in the Wheeling Corrugating Plant fire, Mr. Viola advised him that criminal charges could be brought against him as a result of the admission and that there was a possibility that he would not be receiving the promised psychiatric treatment. Mr. Viola removed the appellant from the Mental Health Center before he received any treatment and transported him to fire department headquarters, where he was subsequently turned over to city police detectives and transported to police headquarters. There is no evidence that either Mr. Viola or the detectives interrogated or questioned the appellant during this interval.

At police headquarters, the appellant was given the *Miranda* warnings and advised that he could leave without giving a statement. Although Mr. Viola was present at the time the second statement was given, all questioning was conducted by the police detectives. The evidence did show that the appellant had only an eighth-grade education and was seeking psychiatric help at the time of the initial admission. However, there was no evidence that as a result he was mentally incapable of understanding or waiving his rights or of appreciating the consequences of his actions. Moreover, it appears from the record that the appellant had experience with the criminal justice system and was familiar with police procedures.

Our review of the trial court's decision in this regard is governed by principles recently restated in the syllabus of *State v. McDonough,* 178 W.Va. 1, 357 S.E.2d 34 (1987):

3. "It is a well-established rule of appellate review in this state that a trial court has wide discretion in regard to the admissibility of confessions and ordinarily this discretion will not be disturbed on review." Syl. Pt. 2, *State v. Vance,* 162 W.Va. 467, 250 S.E.2d 146 (1978).

4. "A trial court's decision regarding the voluntariness of a confession will not be disturbed unless it is plainly wrong or clearly against the weight of the evidence." Syl. Pt. 3, *State v. Vance,* 162 W.Va. 467, 250 S.E.2d 146 (1978).

In view of the record before this Court, we cannot say that the trial court, after listening to the appellant's taped confession, was plainly wrong in ruling that the second confession was voluntary and therefore admissible. The evidence in the record is sufficient to support the lower court's conclusion that the inducement which resulted in the initial admission was no longer present when the appellant made the subsequent confession. Accordingly, we affirm the judgment of the circuit court in this regard.

The appellant next contends that the trial court erred in denying his motion in limine seeking to prohibit the State from introducing for any purpose the extrajudicial statements previously ruled inadmissible by the trial court. On cross-examination of Mr. Viola at trial, defense counsel brought out the fact that just prior to making the tape-recorded confession, the appellant had been about to commit himself to the Mental Health Center for psychiatric treatment. The trial court ruled that defense counsel's examination had not presented a fair pic-

ture of the circumstances leading up to the appellant's confession at police headquarters and allowed the State to elicit testimony on redirect examination concerning the appellant's initial incriminating admission at the Mental Health Center. No objection was raised to the introduction of this evidence at trial, and the jury was instructed to consider the testimony only for the limited purpose of determining whether the appellant's tape-recorded confession was voluntary.

In syllabus point 2 of *State v. Goff*, 169 W.Va. 778, 289 S.E.2d 473 (1982), we recognized: "A confession that has been found to be involuntary in the sense that it was not the product of the freewill of the defendant cannot be used by the State for any purpose at trial." It cannot be questioned that a confession which is induced by promises of leniency or other material benefit to the accused falls within this rule. *See State v. Burgess*, 174 W.Va. 784, 329 S.E.2d 856 (1985).

■ We believe, however, that any error resulting from the admission of this testimony was harmless. We are aware that error in the admission of a coerced confession is not ordinarily subject to harmless error analysis. *See Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).[2] A rare exception to this rule has been recognized, however, where the involuntary confession is merely duplicative of other testimony or admissible statements of the accused. *Harrison v. Owen*, 682 F.2d 138 (7th Cir. 1982); *Meade v. Cox*, 438 F.2d 323 (4th Cir.), *cert. denied*, 404 U.S. 910, 92 S.Ct. 234, 30 L.Ed.2d 182 (1971); *United States ex rel. Moore v. Follette*, 425 F.2d 925 (2d Cir.), *cert. denied*, 398 U.S. 966, 90 S.Ct. 2180, 26 L.Ed.2d 550 (1970); *State v. Johnson*, 35 Wash.App. 380, 666 P.2d 950 (1983). *See also Milton v. Wainwright*, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); *United States v. Murphy*, 763 F.2d 202 (6th Cir.1985), *cert. denied*, 474 U.S. 1063, 106 S.Ct. 812, 88 L.Ed.2d 786 (1986); *State*

*v. Castaneda*, 150 Ariz. 382, 724 P.2d 1 (1986). The standard for review in such cases is the same as in other cases of error of constitutional magnitude: " 'Failure to observe a constitutional right constitutes reversible error unless it can be shown that the error was harmless beyond a reasonable doubt.' Syl. pt. 5, *State ex rel. Grob v. Blair*, 158 W.Va. 647, 214 S.E.2d 330 (1975)." Syllabus point 1, *Maxey v. Bordenkircher*, 175 W.Va. 49, 330 S.E.2d 859 (1985).

■ Here, the apppellant's initial involuntary statement to Mr. Viola was nothing more than a vague admission that he was somehow involved in the Wheeling Corrugating Plant fire. His admissible confession to the police, on the other hand, was much more detailed, specifying the extent of his involvement in the fire and the circumstances under which the crime occurred. In view of the fact that the inadmissible statement was, at most, merely repetitive of portions of the appellant's second, more detailed statement, we fail to see any prejudice resulting from the erroneous introduction of the tainted testimony. Accordingly, we conclude that any error in this regard was harmless beyond a reasonable doubt, and we decline to reverse the appellant's conviction on this ground.

Finally, the appellant contends that the evidence was insufficient to support the conviction because there was no evidence of guilt independent of his confession. The well-settled rule in this regard is:

> A conviction in a criminal case is not warranted by the extrajudicial confession of the accused alone. The confession must be corroborated in a material and substantial manner by evidence *aliunde* of the *corpus delicti*. The corroborating evidence, however, need not of itself be conclusive; it is sufficient if, when taken in connection with the confession, the crime is established beyond reasonable doubt.

Syllabus point 1, *State v. Blackwell*, 102 W.Va. 421, 135 S.E. 393 (1926). "The purpose of the corroboration rule is to reduce

---

**2.** A distinction is made between coerced confessions and those which are inadmissible because of a failure to comply with the rules set out in *Miranda v. Arizona, supra*. In the latter case,

the doctrine of harmless error is ordinarily applicable. *See, e.g., Maxey v. Bordenkircher*, 175 W.Va. 49, 330 S.E.2d 859 (1985).

the possibility of punishing a person for a crime which was never, in fact, committed." *State v. Mason,* 162 W.Va. 297, 305, 249 S.E.2d 793, 798 (1978).

■ The State's evidence here showed that the Wheeling Corrugating Plant fire had two separate and unconnected points of origin in two different buildings of the plant. The arson investigation revealed no natural or accidental causes for these fires, such as an electrical malfunction or the presence of substances which would ignite spontaneously. Charcoal and cardboard were found at the point of origin of one of the fires, and the investigators determined that the fire could not have spread so quickly without the use of a liquid accelerant, such as gasoline or kerosene. This evidence was consistent with the appellant's confession and is sufficient to corroborate it. When it is considered along with all the other evidence of record, including the appellant's extrajudicial statement, it establishes beyond a reasonable doubt that a crime was committed.

For the reasons stated herein, we find no error which would warrant reversal of the appellant's conviction. Accordingly, the judgment of the Circuit Court of Ohio County is affirmed.